CURTIS and others *vs.* HITCHCOCK.

The notice of lis pendens required to be filed by the revised statutes, and by the rules of the court of chancery, does not affect the rights of persons who do not claim under the defendants in the suit, or whose rights accrued previous to the commencement of such suit and who are not made parties thereto.

The filing of such notice of lis pendens is still necessary, to make the filing of the bill a constructive notice to subsequent purchasers. But as the notice of lis pendens in mortgage cases, which is to be filed under the provisions of the act of May, 1840, contains all the requisites of both notices, that notice alone is sufficient, for both purposes, in foreclosure suits.

Where the complainant amends his bill after the filing of the notice of lis pendens, in a foreclosure suit, by striking out the names of certain judgment creditors who are parties, the safer course is to file a new notice of lis pendens against the remaining parties.

And where the bill is amended by adding new parties, after the filing of the notice of lis pendens, a new notice is necessary to be filed, to bar the rights of the judgment creditors of such new parties, as well as to make the amended bill constructive notice to subsequent purchasers from such new parties.

Where the complainant, in a foreclosure suit, filed the ordinary notice of lis pendens previous to the passage of the act of May, 1840, and after the passage of that act he dismissed his bill as against the judgment creditors who had been made parties to the suit; *Held*, that the filing of a new notice of lis pendens, under the act of May, 1840, was necessary to bar the rights of such judgment creditors, and others claiming under them.

It seems the legislature has the right to declare that the general lien of a judgment creditor, upon mortgaged premises, shall cease as against a bona fide purchaser under a decree upon the prior mortgage, upon a mere constructive notice to him in the county clerk's office, unless such judgment creditor enforces his lien, by a sale of the premises upon execution, previous to a sale thereof under the decree in the foreclosure suit to which he is not a party.

The neglect to file a correct notice of lis pendens, in a foreclosure suit, where proper proof of the filing of such notice is produced to the court upon the making of the decree, does not render such decree absolutely void, as to judgment creditors of the mortgagor who are not made parties to the suit. But it is an irregularity, which will authorize such judgment creditors to apply to set aside the decree, and the sale under the same, if the application is made within a reasonable time after such irregularity is discovered by them; without prejudice, however, to the rights of bona fide purchasers, at the master's sale, who have paid the purchase money without notice of such irregularity.

Where the complainant in a foreclosure suit is himself the purchaser under the decree in such suit, he is chargeable with constructive notice of an irregularity in neglecting to file a proper notice of the pendency and object of the suit. But where a stranger becomes the purchaser, and pays his purchase money before he has notice of such irregularity, he will be protected as a bona fide purchaser.

1843.

Curtis
v.
Hitchcock.
November 21.

This cause came before the court upon a demurrer to the complainants' bill. The object of the bill was to obtain the specific performance of a contract for the purchase of a lot of land in the city of New-York by the defendant. And the only question in controversy between the parties, was whether the complainants, who had bid in the lot upon a master's sale under a decree of foreclosure, could give a perfect title to the lots, discharged of the equity of redemption of certain judgment creditors of the mortgagor. The foreclosure suit was commenced in December, 1839, against the mortgagor, and several of his judgment creditors whose judgments were liens upon the mortgaged premises, subsequent to the date of the mortgage. And on the day of filing the bill, a notice was filed in the office of the clerk of the city and county of New-York, which, in all respects, was in conformity with the form of the notice which was subsequently required to be filed under the act of May, 1840, to reduce the expenses of foreclosing mortgages in the court of chancery. On the 6th of June, 1840, after that act went into effect, the complainants entered an order to dismiss their bill as against the judgment creditors, who had never been served with process, nor appeared in the suit; supposing that it was no longer necessary to continue them as parties, and that their equity of redemption would be cut off by a sale under the decree. But the complainants neglected to file a new notice of the lis pendens. And more than six months after the act of May, 1840, went into effect, the foreclosure suit was brought to a hearing, as against the remaining defendants, and proof was made to the court, in the usual form, of the filing of the notice of lis pendens, more than forty days previous to such hearing. The usual decree of foreclosure and sale was thereupon entered; which decree contained the following clause : " It is further ordered, adjudged and decreed, that the defendants in this suit, and all persons claiming or to claim from or under them, subsequent to the commencement of this suit, and all other persons, although not parties to this suit, who have any liens by judgment or decree

subsequent to the said mortgage of the complainants, or any liens or claims thereon by or under any such subsequent judgment or decree, either as puchasers, incumbrancers or otherwise, he and they are hereby declared to be forever barred and foreclosed of and from all equity of redemption and claim, of, in and to the premises so sold and every part and parcel thereof."

1843.

Curtis
v.
Hitchcock.

*W. C. Noyes,* for the complainants. The foreclosure of the mortgage executed by Stuyvesant to Joseph D. Beers, was regular and effectual to bar the rights of subsequent judgment creditors of Stuyvesant. This title cannot be impeached at law, for however irregular the proceedings may have been, they would enable the purchaser to gain possession of the premises, and having done so, he could defend himself in his possession, under the mortgage, against an ejectment or any action at law, brought by the judgment creditor or any one claiming under the lien of such judgment. (*Jones* v. *Clark,* 20 *Johns. Rep.* 51. 4 *Kent's Com.* 164, *&c.*) The act of 1840, §§ 8, 9, was substantially complied with. The bill shows that a notice of lis pendens had been filed before the taking effect of the act. It was not necessary to file a new notice. Proof of the filing of the notice as required by the act was made. The provisions of section 8 of the act of 1840, and the last clause of section 9 requiring proof, &c. are merely directory ; and a decree pronounced would, under the provisions of the 9th section, be valid, without the filing of a notice of lis pendens, or furnishing proof of such filing, upon the hearing. Liens of judgments, and decrees, are matters affecting the remedy, and are not of the substance of the contract. It is competent therefore for the legislature to prescribe the time during which the liens of judgments shall remain, and how they shall be displaced or barred. The decree is conclusive unless the court should set it aside on motion. It contains provisions barring the rights of subsequent judgment creditors, and it is to be presumed that the court had jurisdiction to make such decree, unless the contrary is shown.

*W. C. Wetmore,* for the defendant. The rights of judgment creditors subsequent to the mortgage of the complainants, are not barred by the foreclosure. It is a fundamental rule of all judicial proceedings that the rights of a party interested can only be affected thereby after notice of such proceedings, either *actual* or *constructive.* Judgment creditors are such parties, and as 'such are entitled to notice. (*Edwards on Parties,* 173, *pl.* 88.) If notice is omitted the decree does not affect their rights. (*Idem. Haines* v. *Beach,* 3 *John. Ch. Rep.* 459.) In making the decree in question the court has acted either, first, by virtue of its general equity jurisdiction, or, second, by virtue of statutory enactments. If by virtue of its general equity jurisdiction, then the decree cannot bind judgment creditors not served with process. (*Edwards on Parties,* 173, *pl.* 88, *ut supra. Haines* v. *Beach,* 2 *John. Ch. Rep.* 459.) If the court acted by virtue of statutory enactments, giving it new powers, or varying the manner of proceeding, especially dispensing with personal notice to persons entitled to such notice, then such enactments must be strictly complied with. Such provisions cannot be considered as directory merely. They divest the rights of incumbrancers if the course of proceeding indicated is had, and not otherwise. The act of 1840 directs the filing of a notice of lis pendens forty days before the hearing. A notice filed before the act took effect does not come within the words or spirit of the act. Judgment creditors were entitled to look in the county clerk's office for a notice filed after the passage of the act. The 9th section must be taken as a whole. It provides that no decree shall be made barring the rights of judgment creditors not parties to the suit, unless such notice of lis pendens is filed as required by the act, and proof thereof is furnished at the hearing. When both these conditions are complied with, then the effect of the decree is declared to be a bar to the rights of subsequent judgment creditors, not otherwise. This is not a case in which the court can enlarge its jurisdiction against the words of a statute. It is like the power given to make decrees against absent, concealed, and non-

resident defendants. It is like the case of third persons purchasing under a power. They are bound to take notice of any defects in the execution of it.

THE CHANCELLOR. Two questions are presented for the consideration of the court in this case : *First*, whether this was a good and sufficient notice under the provisions of the act of May, 1840 ; and *Second*, if it was not, whether the eighth and ninth sections of that act are merely directory, so as to make the decree of foreclosure, and the sale of the mortgaged premises, an absolute bar of the equity of redemption of all persons claiming under a judgment, or decree, which was subsequent to the mortgage, although the provisions of the statute have not in fact been complied with. Previous to the act of May, 1840, the standing rules of this court required a notice of the lis pendens to be filed, in a mortgage or partition suit, immediately after the filing of the bill. The object of that notice, however, was to enable the master to give to the purchaser, under the decree, a good title as against all persons claiming, under the defendants in the suit, by a subsequently acquired title. But it had no effect whatever upon persons who did not claim under the defendants, or whose rights accrued previous to the commencement of the suit, and who were not made parties. (2 *R. S.* 174, § 48. *Rule* 133, 174.) These notices are still required to make the filing of the bill a constructive notice to subsequent purchasers. But as the notice of lis pendens, in mortgage cases, which is to be filed under the 8th section of the act of May, 1840, contains all the requisites of the notice which the revised statutes required to make the filing of the bill a notice to subsequent purchasers, and is to be filed in the same office and indexed in the like manner, only one notice is now required to be filed, for both purposes, in foreclosure suits.

The notice in question in the present case was filed in conformity with the provisions of the revised statutes, and the 133d rule of this court. And until the act of May, 1840, went into effect, it certainly could not in any way

affect the rights of judgment creditors who were not parties, or any persons claiming under them. Indeed the notice was that the judgment creditors, whose rights the complainants now insist were barred by the decree, were in fact made parties to the suit; so that if they had seen that notice, subsequent to the time when the act of May, 1840, went into effect, and without being informed that the bill had afterwards been dismissed as to them, they could hardly have supposed it was necessary for them to apply, under the statute, to be made parties to the suit, to enable them to protect their rights as judgment creditors of the mortgagor. The safer course, where the complainant dismisses his bill, in a foreclosure suit, as against a judgment creditor who has a subsisting lien, or leaves his name out of the bill by amendment, is to file a new notice of the pendency of the suit against the remaining parties; so as to render it perfectly certain that the judgment creditor, whose name is left out after the filing of the first notice, will be barred by the foreclosure and sale. And when the bill is amended, by adding new parties, after the filing of the notice of lis pendens, a new notice is absolutely necessary, to bar the rights of the judgment creditors of such new parties, as well as to make the amended bill constructive notice to subsequent purchasers from such new parties.

But what is to my mind a conclusive objection to the notice, in this case, which was filed several months before the passage of the act of May, 1840, is the fact that a subsequent incumbrancer would not be required to search the clerk's index previous to the time when that act went into effect; nor would he think of searching long previous to that time, to see whether a notice had not been filed, for the purpose of barring his equity of redemption, under a law which had no existence when such notice was filed and indexed. The filing of such previous notice of lis pendens, in this case, therefore, was not a compliance with the provisions of the act of May, 1840; and was not a good constructive notice to the judgment creditors, as to whom the

bill was subsequently dismissed, of the proceedings against the other parties alone, to foreclose the mortgage upon the premises upon which these judgments were liens. They have not, therefore, had the opportunity which the legislature intended to give them, to come in and be made parties to the foreclosure suit, and to protect their rights, if they had any.

The remaining question to be considered is, whether their equity of redemption is barred by the decree of foreclosure and sale, although the provisions of the act of May, 1840, as to the filing of a notice of lis pendens, have not been complied with either in form or in substance. That question is one which is comparatively of small importance to the complainants in the present suit, as I presume the equity of redemption of these judgment creditors is of little or no value, and that the complainants will only have to wait until the five years, from the 4th of June, 1840, have expired, or to advertise and sell under the statute, in order to get a perfect title to the premises in controversy. It is a question of great importance, however, to all purchasers of real estate under decrees of foreclosure. For I have observed there is great carelessness in many cases in filing the notices of lis pendens in mortgage suits. And with all the vigilance which the chancellor and vice chancellors are able to exercise, in such cases, I have no doubt that many decrees are entered where the notices filed have not been in substantial compliance with the statute. Indeed, it is impossible for the court to know with certainty, in any case, whether the statute has been complied with, without a particular acquaintance with the description and location of the mortgaged premises. For although the notice on its face purports to be in compliance with the statute, and to state the town and village, or city and ward, as well as the county in which the mortgaged premises are situated, and the date of the mortgage, the parties thereto, and the time of recording the notice stated in such notice, it may be, and undoubtedly often is, incorrect in some of these particulars, from the want of the requisite information on the part of the solici-

1843.

Curtis
v.
Hitchcock.

tor who drew the notice, and his neglect to take the necessary means to obtain it. From the division of towns, and the changes in the names of towns and villages, &c. it often happens that at the time of filing the notice of lis pendens, the mortgaged premises are in a different town, or ward, or village, from the one in which they were when the mortgage was given ; and the solicitor who resides at a distance from the premises may not be aware of the fact. In such cases if he relies upon the description in the mortgage alone, in drawing his notice of lis pendens, he will generally get it wrong, so that it will not be in compliance with the statute. The only safe course for the solicitor who draws the notice, where he is not personally acquainted with all the particulars which the statute requires to be inserted therein, is to make proper enquiries and obtain the necessary information before he commences the suit. And he cannot safely and conscientiously make the usual affidavit, that more than forty days previous thereto a notice of the pendency of the suit, containing all the particulars required by the act of the 14th of May, 1840, to reduce the expenses of foreclosing mortgages in the court of chancery, had been filed in the office of the clerk of the county in which the mortgaged premises were situated at the time of filing the bill, and at the date of such notice, until he has made the necessary enquiries to ascertain that all these particulars were correctly and truly stated in the notice filed, as required by the statute.

The question under consideration is also of importance to persons not parties to the suit, whose equity of redemption is to be barred by the foreclosure and sale ; especially if the statute should be construed to extend to the owner of the equity of redemption, who had become such by a purchase at a sheriff's sale under a judgment or decree, previous to the commencement of the foreclosure suit. As to creditors who have only a general lien upon the equity of redemption, but no fixed and certain interest in the land itself, as purchasers or mortgagees thereof, at the time of filing the complainant's bill, the legislature

probably had the constitutional right to declare that such general lien should cease and terminate, as against a bona fide purchaser under the decree, unless such creditor should proceed and enforce his lien by a sale of the lands, by execution, previous to the sale in the foreclosure suit ; although such creditor should have no notice of such suit except a mere constructive notice arising from the lis pendens itself. And if the legislature had such a right, the neglect to file a correct notice of the pendency of the suit, in the county clerk's office, as required by the 8th section of the act of May, 1840, might be considered as an irregularity merely, which would enable the creditor to apply and set aside the decree and sale within a reasonable time after he had notice of such irregularity ; but without prejudice to the rights of a bona fide purchaser, who had parted with his money upon the faith of a decree of this court, and without any notice of the irregularity in the proceedings. Such, I am inclined to think, is the fair construction of the act in relation to the rights of such creditors. The 8th section directs the filing of the notice of lis pendens, and prescribes the form and substance thereof. And the next section directs that it shall not be necessary that any person having a lien by any judgment or decree, upon the land contained in any mortgage, subsequent to such mortgage, or any person having any lien or claim by or under such judgment or decree, be made a party to the suit for the foreclosure of such mortgage. It then declares, in general terms, without reference to the 8th section, " that every decree of foreclosure and sale of lands mortgaged, shall bar and foreclose all claim of equity and redemption of every person having such subsequent judgment or decree, and his heirs and personal representatives, and all persons claiming under him or them, subject to the provisions of the subsequent sections of the act." And the last clause of the 9th section, which directs that no such decree shall be made unless proof should be given, in such manner as shall be required by the court, that such notice of the pendency of the suit has been filed, as is required by the next preceding section, for at least forty days before such decree

1843.

Curtis.
v.
Hitchcock.

shall be made, does not make the decree absolutely void as to the creditors who are not made parties, where such proof is in fact given ; although it should afterwards turn out that the person who made such proof was under a mistake in supposing that a notice had been filed which contained all the particulars required by the act.

The want of notice of lis pendens is not an objection which goes to the jurisdiction of the court. For the 9th section of the act renders it unnecessary to make the lien creditors parties ; and by necessary implication authorizes the court to make the decree upon due proof of the filing of the notice of lis pendens. In this respect, therefore, it is analogous to the case of a proceeding against an absentee, where, by mistake or otherwise, proof of the due publication of the order to appear is made and the usual decree entered thereon ; and it afterwards turns out that the order has not been published for the length of time required by the statute. Such a decree would undoubledly be irregular ; and might, as against the complainant in the suit, be opened upon the application of the absentee, if he applied within a reasonable time after he had notice that a decree had been entered against him. But a bona fide purchaser under the decree of foreclosure and sale would be protected in his purchase. (*Jackson* v. *Rosevelt*, 13 *John. Rep.* 97.)

The case under consideration, however, is not the case of a bona fide purchaser who has paid his money and obtained title to the land under a decree, valid upon its face, and without notice of any irregularity in obtaining such decree. Here the complainants in the foreclosure suit themselves were the purchasers under the decree, and they are chargeable with notice of the irregularity in obtaining it. (*Jackson* v. *Caldwell*, 1 *Cowen's Rep.* 622. *Simmons* v. *Catlin*, 2 *Caines' Rep.* 61.) And the defendant in this case, who had himself discovered the irregularity before he had completed his purchase, would not have been entitled to protection, as a bona fide purchaser, if he had proceeded to complete it by paying the consideration money afterwards ; although he would have been protected if he had

paid the purchase money and obtained the deed before the irregularity was discovered. As the case now stands, it will be a matter of course to permit these judgment creditors to come in and make a defence, if they have any, upon the usual terms, upon an affidavit that they have applied the first opportunity after they discovered that the decree had been entered. Or, if the property has been sold below its true value, although they have no defence to the suit itself, they will, upon a similar affidavit, be permitted to have a resale of the premises, upon giving security to pay the costs thereof, in case the premises upon such resale do not bring sufficient to pay the amount reported due to the complainants upon the mortgage, with interest and the costs of the suit. But as the foreclosure is valid as to the defendants in that suit, and as to all persons claiming under them subsequent to the filing of the bill and the notice of lis pendens, as required by the revised statutes, the decree as to them cannot be opened, so as to impair the rights of the complainants in any way, as against them, either on a resale or otherwise. But this defendant was not bound to complete his purchase, under the written contract set out in the bill, without a release of the equity of redemption from these junior judgment creditors.

The defendant's demurrer is therefore allowed, with costs.