POTTER AND HOWARD *against* ROWLAND and others.

A notice of suit pending under "An act *to reduce the expense of foreclosing mortgages* in the court of chancery," passed May 14, 1840, describing the *mortgage and the ward and county* where they were situated, and setting forth that the mortgage was recorded, but without stating in what county, was a substantial compliance with the statute.

Even if irregular so that a decree founded upon it might have been opened, the decree could not be objected to in a collateral action.

A decree made without an affidavit of the filing of notice of suit pending would have been irregular, but not void.

This action was brought by the plaintiffs as purchasers at a sheriff's sale upon execution against one John W. Clark, to redeem certain lands in the city of Buffalo, which the defendants held under a sale upon a decree foreclosing a mortgage prior to the judgments upon which the executions were issued. It was alleged in the complaint that on the twelfth day of November, 1831, Clark mortgaged the premises to Thomas Day: that between that time and the twentieth day of July, 1840, the several judgments under which the plaintiffs held were recovered against Clark: that on the twentieth day of July, 1840, Day commenced a suit in the court of chancery before the vice chancellor of the eighth circuit to foreclose his mortgage: that a notice of the object of the suit was on the twenty-fourth day of July, 1840, filed by the solicitor for the complainant in the clerk's office of Erie county, but that it *did not state the office or the county in which the mortgage was recorded.* A copy of the notice was annexed to the complaint and referred to. It set forth that the mortgage was recorded on the 12th of November, 1831, and that the mortgaged premises were in the first ward of the city of Buffalo, in the county of Erie, and contained their description from the mortgage, in which they were described as situate in the village of Buffalo and county of Erie. It was further alleged in the

complaint that the creditors who had recovered the judgments upon which the sale was made to the plaintiffs, had not been made parties to the foreclosure suit: that upon an affidavit of the filing of the notice of *lis pendens* a decree was made in that suit for the foreclosure of the mortgage and a sale of the mortgaged premises, a copy of which decree was annexed to the complaint. The decree recited that it was made upon " reading and filing the affidavit of Charles D. Norton, clerk in the office of the solicitor for the complainants, by which it appears that a notice of the pendency of this suit, in the form prescribed by the act to reduce the expenses of foreclosing mortgages in the court of chancery, was filed in the office of the clerk of the county in which the mortgaged premises are situated, more than forty days previous to this hearing and motion for a decree, and showing that the bill of complaint filed in this cause had not been taken as confessed against any of the defendants as absentees." The plaintiffs in the complaint then alleged that the defendant Rowland became the purchaser of the premises under the decree, and that he had sold a portion thereof to the other defendants and that the plaintiffs had offered to redeem them from the lien of the mortgage, the foreclosure of which they insisted was void by reason of the defect in the notice of *lis pendens*.

The defendants demurred to the complaint, stating for one of the grounds of demurrer, that the complaint showed that the decree of the court of chancery and the sale under it to the defendant Rowland, effectually foreclosed and barred the judgment creditors from all equity of redemption in the premises, and conveyed to Rowland a perfect title to them.

The supreme court at a special term held by Mr. Justice SILL, in Erie county in January, 1851, gave judgment in favor of the defendants upon the demurrer, and the judgment was affirmed at a general term held in the eighth judicial district in September, 1851. The plaintiffs appealed to this court.

SEL.IV.—57.

*H. Denio,* for appellant.

*N. Hill, Jr.* for respondent.

WILLARD, J., delivered the opinion of the court. It appears by the complaint that the mortgage was in fact recorded in the clerk's office in the county of Erie on the 12th November, 1831. And it appears by the affidavit 'annexed to the notice of *lis pendens,* that the said notice was on the 24th July, 1840, filed in the office of the clerk of Erie county. These facts are admitted by the demurrer. The notice describes the premises as being situate in Buffalo, in the county of Erie; and the recording act (1 *R. S.* 756,) requires every conveyance of real estate to be recorded in the office of the clerk of the county where such real estate shall be situated. Every person is bound to take notice of a puflilic statute. The notice was in fact filed in the office where the mortgage was recorded, and no one reading the notice and having knowledge of the statute, could be misled by it. The object of the act of 1840, §8, was to require such a description of the mortgage as to apprise individuals having liens by judgment on the premises mortgaged, where they could find the record of the mortgage. This was done effectually by the notice in this case. The particular form of the notice is directory. If it did not conform to the general practice of the court, it might have been a good ground to open the decree for irregularity, had the motion for that purpose been made in time and by the proper parties.

By the 9th section, the court had power to make the decree of foreclosure, but it was forbidden to do this unless proof should *be given in such manner as the court should require,* that the notice of the pendency of the suit had been filed as required in section eight. The complainant gave all the proof the court required, and the decree was pronounced. The regularity, in point of form, of that proof can not be objected to in a collateral action. A

Potter *against* Rowland.

motion should be made in the same court to set aside the decree for irregularity, and this motion to be effectual must be made within a year. The court passed upon the sufficiency of the notice, and no appeal was made to the chancellor. The court might have *required* a notice with a more full description, but not having done so, and being satisfied with the one filed, the decree was effectual to foreclose all subsequent liens by judgment.

The notice annexed to the affidavit contains a clause, saying that the mortgage was "recorded in the office of the clerk of Erie county." These words are omitted in the notice filed. But without these words no one could be misled by it. The affidavit of the clerk in which he swears that the notice filed was "a copy, *he believes*, of the one subjoined to his affidavit was enough. It was not a very lawyer-like affidavit. The decree would not have been *void* had no affidavit of *lis pendens* been produced. It would only have been irregular. (*Curtis* v. *Hitchcock,* 10 *Paige,* 399.)

The demurrer to the complaint was well taken, and the judgment of the supreme court should be affirmed.

TAGGART, J. did not hear the argument

Judgment affirmed.