## SUPREME COURT.

BENJAMIN ECKERSON and another agt. GOTFRIED VOLLMER, JOHN A. VOLLMER and MAGDALENA, his wife.

In an action relating to real estate, against husband and wife, where process is served only on the *husband*, he is bound, except where the estate is the *separate property of the wife*, to enter a *joint appearance* and put in a *joint answer* for himself and wife.

An inchoate right of *dower* is an interest which results from the marital relation, and does not belong to the wife as her separate estate.

*Kings Speciel Term, March,* 1855.

THIS action was brought to set aside a conveyance of certain real estate alleged to have been made by John P., and Samuel Fowler, to the defendant, John A. Vollmer, with intent to defraud the plaintiffs and other creditors of Gotfried Vollmer. The summons was served on John A. Vollmer, but not on his wife. The action was tried before a referee, and judgment was entered upon his report, setting aside the conveyance, and directing the defendants, John A. Vollmer and wife, to execute a deed of the premises to a receiver.

The defendant, Magdalena, now moves to vacate the answer and all subsequent proceedings, so far as the same affect her, and that she may be allowed to put in an answer to the complaint and defend it, for the reason that she was not served with process, and that no appearance or defence has been put in for her by any person authorized by her.

Eckerson and another agt Vollmer, &c.

G. A. Shufeldt, *for plaintiffs*.

J. W. Gilbert, *for defendant, Magdalena Vollmer*.

Rockwell, Justice.—There is no foundation for this motion. In an action against husband and wife, service of process on the wife, is only necessary where the proceeding is against her in respect to her separate estate, in which case the husband is only a nominal party. In other cases, the husband, upon being served, is bound to enter a joint appearance and put in a joint answer for himself and wife. (*Leavitt* agt. *Cruger*, 1 *Paige*, 421 ; 3 *Chitty's Gen. Pr.*, 263.)

In this case, neither husband nor wife could have answered separately without being authorized to do so by the order of the court, and no reason has been shown why the wife should have been allowed to put in a separate answer. The only interest which she had in the premises affected by the judgment, was her inchoate right of dower. This kind of interest results from the marital relation, and does not belong to the wife as her separate estate. The wife is deemed, in law, to be under the protection, as well as under the power of her husband. It was his duty, in this case, to have put in a suitable defence for his wife, and he is presumed to have done so until the contrary is shown. Indeed, if he had successfully defended himself, such defence would necessarily have enured to the benefit of his wife. All of her interest in the premises was a mere incident to his. It is not shown that she now proposes to put in a defence upon any different ground from that upon which the action has already been defended.

Motion denied.