CURTIS C. BEAN v. JOHN C. MATHER and FRANCIS N. BIXBY.

Where one partner, without the knowledge or authority of his copartners, endorsed the name of the firm upon a promissory note made for his individual benefit, and, being sued upon the note, he, without the knowledge or authority of the other partners, upon whom process had not been served, employed an attorney to appear not only for himself but for them, and judgment was rendered against all,—*Held*, notwithstanding there was an appearance by attorney, that the judgment would be set aside, under such circumstances, against the other partners, and that they would be allowed to come in and defend.

The appearance of an attorney without authority is a nullity. BRADY, J.

APPEAL by the plaintiff from an order made at Special Term (HILTON, J.), November 19th, 1863, vacating a judgment as to defendants.

It appeared from the affidavits read on the motion, that the plaintiff obtained in May, 1861, on a default and inquest at the Trial Term, a judgment against the defendants Mather, Bixby, McIntyre, and Samuel Osgood.

The defendants McIntyre, Mather, and Bixby, were copartners in 1861, under the firm-name of McIntyre, Bixby & Co. The action was upon two promissory notes made by Osgood to

Bean v. Mather.

McIntyre for his personal accommodation, and by him indorsed in the firm-name McIntyre, Bixby & Co. without the knowledge or authority of his partners. The notes not being paid at maturity, action was brought thereon. McIntyre employed counsel to defend the action for all of the defendants. The defendants Mather and Bixby were not served with process, and had no knowledge of the pendency of the action, or retainer of the attorney who appeared for them.

From an order vacating the judgment as to the defendants Mather and Bixby, with leave to answer, the plaintiff appealed to the General Term.

*D. M. Porter*, for the appellant.
*A. Spaulding*, for respondents.

By the Court.—Brady, J.—The rule of law that an appearance by a responsible attorney without collusion, is binding upon the person for whom he appears, and that for any injury resulting to him therefrom, such person must pursue the attorney, has not been enforced rigorously in this State. The defendant has generally been permitted to come in and defend. Such was the order made in *Denton* v. *Noyes* (6 Johns. R., 296); in which the cases illustrative of the rule mentioned are collected and commented upon; also in the cases of *Grazebrook* v. *McCreedie* (9 Wend., 437); and *Sterne* v. *Bentley* (3 How. Pr. Rep., 331); in which the defendants were copartners, and one of them had employed an attorney to act for both, without the knowledge of his associate;—also in the case of *Blodget* v. *Conklin* (9 How. Pr. Rep., 442), in which the defendants were joint debtors, and had both been served with process, but in which one of the defendants, without the authority of the other, employed an attorney who appeared for both.

These cases are precedents for affording the relief granted by the judge at Special Term, and making it apparent that the order appealed from should be affirmed. I think, however, that the rule itself is unjust. It has been, in effect, repudiated in *Allen* v. *Stone* (10 Barb., 547). It was said by Kent, Ch. J., in *Denton* v. *Noyes* (*supra*), in reference to it that "the cases may not seem correct if we were to reason from first principles." It is assailed in *Williams* v. *Van Valkenburg* (16 How. Pr. Rep.,

Bean v. Mather.

144), by Johnson, J., as unjust in principle, although he says, "I do not, however, propose at this day to abrogate the rule as it now stands." In *Shelton* v. *Tiffin* (6 How. U. S. Rep., 183), the rule, though recognized, was repudiated. McLean, J., said: "But the appearance by counsel who had no authority to waive process, or to defend the suit for E. L. Perry, may be explained. An appearance by counsel under such circumstances, to the prejudice of a party, subjects the counsel to damages, but this would not sufficiently protect the rights of the defendant. He is not bound by the proceedings, and there is no other principle which can afford him adequate protection. The judgment must be considered a nullity." The antiquity of the doctrine neither commands my respect nor excites my veneration. It is in derogation of the rule that a man does nothing when he acts neither in person nor by agent or attorney duly authorized. It is subversive of his right of defence and trial by jury, and strips from him the protection of the doctrine that his property shall not be taken save by the judgment of his peers. It no doubt originated in the theory that the plaintiff was innocent, not having connived at the appearance by the unauthorized attorney, but that is no reason for imposing two burdens on the defendant who is equally innocent, the burden of paying the judgment improperly obtained against him and of prosecuting the attorney who violated his right. The burden was cast upon the wrong person. The plaintiff should have been compelled to sue the attorney if he was damnified by the improper appearance. It is not difficult to see that the greater loss must, under the rule referred to, fall on the defendant who has to pay the judgment, and then prosecute the attorney. But without pursuing this subject further, and entertaining the opinion that the appearance of an attorney without authority is a nullity, and should be so declared, I think, as matter of precedent and of right and justice, the order appealed from should be affirmed.

CARDOZO, J.—I concur in the conclusion that under the circumstances of this case, the order appealed from is right, and should be affirmed.

DALY, F. J.—I agree that the order should be affirmed.

Order affirmed, with costs.