# CASES ADJUDGED

IN THE

# SUPREME COURT

OF THE

# STATE OF NEW YORK.

---

Elizabeth S. Lathrop, Appellant, *v.* Grosvenor W. Heacock and another, Respondents.

(General Term, Fourth Department, January, 1871.)

In an action against husband and wife, affecting the husband's real property only, he is authorized and required to have an appearance entered for his wife, upon service of summons on him alone, and without authority from her.

It is otherwise, where the action affects the wife's separate estate.

This was an appeal by the plaintiff from a judgment, dismissing her complaint, entered, upon a decision of the court, at the Erie county Special Term, in July, 1870.

The plaintiff brought her suit to redeem certain premises from a sale under judgment of foreclosure and sale.

It appeared that the plaintiff intermarried in July, 1847, with Solon H. Lathrop, who died in October, 1867, and that they had, during his lifetime, and in July, 1854, executed a mortgage upon the premises, which were then owned in fee by Lathrop, for the sum of $5,000, and that afterward, upon default in the conditions of the mortgage, in April, 1857, an action was commenced in this court by the mortgagee

against the plaintiff and her husband, for foreclosure and sale of the mortgaged premises, and judgment therein obtained and entered in May, 1867, under which the sale of the premises was made.

The plaintiff was not served with a summons in the action, nor did she authorize any appearance to be made for her; but one Welch, an attorney-at-law at Buffalo, appeared therein for the plaintiff and her husband, upon the latter's retainer, without the plaintiff's knowledge.

*J. E. Ewell*, for the appellant.

*William H. Gurvey*, for the respondents.

Present— MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court— JOHNSON, J. The action is brought to enforce the right claimed by the plaintiff to redeem the premises in question from the sale under the mortgage foreclosure. The plaintiff is the widow of Solon H. Lathrop, deceased, and joined with her husband in the mortgage. The mortgage was foreclosed, and sale of premises decreed, in May, 1857. The action was against the husband and wife, but the summons was served on the husband only, who put in an appearance by attorney for himself and wife, without her knowledge or consent. The premises were sold at public sale, under the decree, and struck off to the highest bidder, who took the usual conveyance, and the defendant, G. W. Heacock, is a subsequent purchaser in good faith and for a valuable consideration, having first caused search to be made, and being advised that title was perfect. The judge at Special Term held that the plaintiff's right of redemption was barred and foreclosed by the judgment of foreclosure and sale.

This was clearly right. The appearance of this plaintiff in that action was regular, although she never authorized it. The action did not concern her separate estate. All the interest she then had in the subject of the action was an inchoate

Lathrop *v.* Heacock.

right of dower. It was the duty of the husband, on being served with process in such a case, to see to it that the plaintiff's appearance was entered, as well as his own. Had he neglected or refused to appear for her, the court, on application, would have compelled him to put in an appearance for her, as was done in the case of *Leavitt* v. *Cruger and wife* (1 Paige, 421). It was his right and his duty to employ an attorney to appear for her, and she is bound by it. In law it was an appearance by her authority, to all intents and purposes. The act of the husband, in employing an attorney to appear for her, in a case like this, was her act; and so it has always been held. (*Ferguson* v. *Smith*, 2 Johns. Ch., 139; *Eckerson* v. *Vollmer*, 11 How. Pr., 42.) The service of the process upon the husband alone was, in law, a good service upon her. They were one person in law, except as to her separate estate. Had the action concerned her separate estate, it would have been different. In such a case, the husband has no right to appear for the wife. As to that, the process must be served upon her; and she is not bound by the acts of an attorney who appears for her without her authority or knowledge. The question of the attorney's liability in this case does not arise. The precise question which lies at the foundation of this action was decided between the parties to this action in *Foote* v. *Lathrop* (53 Barb., 183), at General Term in the eighth district. The motion there had been made by the plaintiff to set aside the judgment as against her, on the ground that she had never been served with process in the action, and had never appeared therein, or authorized any one to appear for her. The defendants in this action were parties to that motion, and resisted it. The motion was denied at Special Term; and, on appeal to the General Term, the order denying the motion was affirmed, the court holding that the judgment was valid as against this plaintiff; that the service of the process upon the husband, and his appearance for her, were valid and regular as to her; and that she was bound by the judgment. That decision alone is decisive of this action. The very point upon which the right of action

in this case turns, was there distinctly decided. The point having been decided, we are bound by the decision, and it is our duty to follow it. But, were it otherwise, there can be no doubt that the case was decided correctly upon the merits at Special Term.

The judgment must, therefore, be affirmed, with costs.