JOHANNA JANINSKI, Respondent, v. IDA HEIDELBERG,
Appellant, Impleaded, etc.

*When a married woman may appear by her own attorney—Code of Civil Procedure,*
§ 450.

In an action to foreclose a mortgage upon real property, the wife of the owner
of the equity of redemption may, under section 450 of the Code of Civil
Procedure, appear and defend, by her own attorney, as though she were
single.

Appeal from an order made at Special Term, setting aside the
notice of appearance given by Rufus L. Scott, Esq., as attorney for
the defendant, Ida Heidelberg.

The action was brought to foreclose a mortgage, and the appellant
was joined as a defendant with her husband, Carl Heidelberg; the
latter being the owner of the equity of redemption. The appellant
did not join in the mortgage, which was given by her husband to
secure a portion of the purchase-money.

Within the proper time Carl Heidelberg appeared by E. K.
Sackett, Esq., as his attorney, and the appellant by Mr. Scott.
The plaintiff moved to set aside the appearance of the wife as
irregular; giving as a reason that the husband and wife could not
appear in the action separately, but must do so by the same attorney.

*Wm. G. Cooke,* for the appellant.

*Smith & Woodward,* for the respondent.

Barrett, J.:

There is no doubt that, under the practice prevailing before the
Code of Civil Procedure, a separate appearance for the wife in an
action affecting only her inchoate-right of dower would have been
improper. Both under the chancery practice and the Code of
Procedure, where the action did not concern her separate estate,
the husband was bound to enter a joint appearance, and put in a
joint answer, for himself and wife. (*Leavitt* v. *Cruger,* 1 Paige,
421; *Foote* v. *Lathrop,* 53 Barb., 183; *Eckerson* v. *Vollmer,* 11

How. Pr., 42; *Ferguson* v. *Smith*, 2 Johns. Ch., 139; *Lathrop* v. *Heacock*, 4 Lans., 1.) It was the husband's right and duty to employ an attorney for her, and she was bound by it. (Same cases.)

But this rule seems to have been changed by section 450 of the Code of Civil Procedure. "That section," says Mr. Throop in his notes, "was intended to sweep away all distinctions between a *feme sole* and a *feme covert*, in respect to suing and being sued." Certainly, the language of the section could not very well have been broader. "In an action or special proceeding, a married woman appears, prosecutes or defends alone or joined with other parties, *as if she were single.*" Under this comprehensive provision, we think that Mrs. Heidelberg has a right to appear and defend by her own attorney, in form as though she were single.

This order should therefore be reversed, with $10 costs and disbursements of the appeal, and the motion to vacate the notice of appearance be denied.

DAVIS, P. J., concurred.

Present—DAVIS, P. J., and BARRETT, J.

Order reversed, with $10 costs and disbursements, and motion denied.