By the Court.
O’Gorman, J.
This is an action in rem, and defendant Simonson, in his answer, claims as lienor, relief in his favor in rem, and that he be paid out of the proceeds of the sale of the lots under the foreclosure, the amount due on his lien.
His right to that relief, or to any relief in this action, depends on the existence of his lien as a statutory incumbrance on the land, and on his compliance with all the statutory requisites, to give to the lien full binding force and effect. Moreover, his lien, even if valid and of full binding force, could only protect him, as to materials furnished on the employment of Kelly and under the verbal contract with him, and pould only be effective, to the extent of any money due by the plaintiff, the mortgagee, to Kelly oil the contract between them and unpaid.
It is in evidence that no money was due by the plaint *163 iff to Kelly under that contract: The referee, however, held, that by the failure of the defendant Simonson to file a notice of lis pendens within the ninety days required by the mechanics’ lien law, he lost whatever rights in the mortgaged premises he otherwise might have acquired, and that this omission was fatal to his claim to any relief in this action. There is ample authority to sustain that conclusion (Bower v. N. Y. Christian, &c. Home, 64 IIow. Pr. 509 ; Potter v. Rowland, 8 N. Y. 448; Weyer v. Beach, 19 Ib. 409).
The defendant, Simonson, has also excepted to findings of the referee, as to items of costs and disbursements allowed in his second report, and has appealed from the judgment.
In my opinion none of the exceptions to the findings of facts and conclusions of law of the referee, is well taken.
The judgment appealed from should be affirmed, with costs.
Sedgwick, Oh. J., and Truax, J., concurred.