1829.

Leavitt
v.
Cruger.

---

### LEAVITT v. CRUGER AND WIFE

Where a bill is filed against husband and wife, the husband is bound to enter a joint appearance, and put in a joint answer for both.

But if the wife refuses to join in an answer or a plea, the husband will be permitted to put in either separately.

The service of a subpœna upon the wife, is only necessary where the proceeding is against her in respect to her separate estate.

Feb. 17th.

ON a bill to forclose a mortgage executed by husband and wife, the subpœna was served on the husband only, the wife residing in France. The husband entered an appearance for himself, and filed a separate answer. A solicitor appeared for the wife separately, and the plaintiff served him with a copy of the bill, but no answer for her had been put in.

*Tillinghast*, for the complainant, presented a petition praying that the answer of the husband might be taken from the file, and that he enter a joint appearance for him-

self and wife, and put in a joint answer, or that the bill be taken as confessed.

*J. Rhoades*, contra, insisted that the complainant had waived a joint appearance and answer by serving a bill on the wife's solicitor, on her separate appearance ; and that it did not appear that he had entered the usual rule for the husband and wife to appear

[*422]

*THE CHANCELLOR:—The husband is bound to enter a joint appearance, and put in a joint answer for himself and wife, unless he shows a sufficient excuse. But if she refuses to join with him in an answer, or to swear to a plea, he will be permitted to put either in separately. (*Chambers* v. *Bull*, 1 Anst. 269 ; *Pain* v. ———, 1 Ch. Cas. 296.) So far as relates to the appearance of the defendants jointly, it is probable that the complainant might have compelled it, either under the 114th or 115th rule. After the appearance had been entered, it would be incumbent on the husband to see that she answered jointly with him, or he should have obtained an order to answer separately, on showing that he could not prevail upon her to swear to a joint answer. If she had refused to answer, the bill would have been taken *pro confesso* against her, unless she applied and obtained an order to answer separately. Service of the subpœna on the wife is only necessary where the proceeding is against her in respect to her separate estate, in which case the husband is only a nominal party; and not where the estate is in the husband in right of the wife. (2 John. Ch. Rep. 139 ; 9 Ves. 486.) It does not appear from the papers before me in this case whether the mortgaged premises belonged to the husband in his own right, or in right of his wife.

The filing of the separate answer of the husband, without an order authorizing it, was irregular; and there does not appear to have been any replication filed, or other act of the complainant waiving the irregularity. It must there-

fore be taken off the files, and the husband must enter a joint appearance for himself and wife within ten days, or the bill be taken as confessed. After the appearance is entered, he must have six months to take out a commission and obtain the wife's oath to the answer, unless the plaintiff stipulates in writing to receive the joint answer sworn to by the husband only. But on filing such stipulation, the defendants must put in such answer within thirty days after notice thereof, or the bill may be taken as confessed against them.

As the husband was misled by the service of the bill on the separate solicitor of the wife, neither party is entitled to any costs on this application.