## SHERMAN *vs.* GARFIELD.

Although the deed of an infant is voidable only and not void, yet where an infant *feme covert* joined with her husband in a conveyance of lands of which *he* was seized in his own right; *held* that her conveyance was void, she having then no estate in the lands; and that having survived her husband, she could maintain ejectment for her dower notwithstanding her conveyance, though she had arrived at full age and had done nothing to disaffirm it.

EJECTMENT for dower in a lot of land in the city of Troy, tried at the Rensselaer circuit in November, 1843, before WILLARD, C. Judge.

The plaintiff proved her intermarriage with Edward A. Sherman, her late husband, in October, 1831, and a conveyance to him of the lot in question, executed in February, 1832, and his death in 1839; and that the defendant was in possession at the commencement of the suit—and rested.

The defendant gave in evidence a deed of conveyance of the lot, embracing also other real estate, executed by E. A. Sherman and his wife (the plaintiff) to one Gurdon Grant, bearing date April 21, 1835. It was duly acknowledged by both the gran-

tors, the plaintiff being privately examined by the officer as a married woman, in the manner required by the statute. The deed contained a special clause by which the plaintiff in terms released " *all her dower and thirds, right and title of dower and thirds*," and all other right and title to the land. He also proved that he held the lot under Gurdon Grant.

The plaintiff proved that she was in the 20th year of her age at the time of the execution and acknowledgment of the deed to Grant. The suit was commenced in July, 1843.

The defendant moved for a nonsuit, insisting that the deed was voidable only, and that the plaintiff had not entered or done any other act disaffirming it, and that she has lost her right to do so by the lapse of time since the death of her husband before bringing the suit. The judge denied the motion, holding that the deed was void, and instructed the jury that the plaintiff was entitled to a verdict, which was accordingly rendered, and the defendant excepted. A motion is now made for a new trial on a case.

*N. Hill, Jr.* for the defendant, cited *Bool* v. *Mix*, (17 *Wend.* 119.)

*J. A. Millard,* for the plaintiff, cited *Reynolds* v. *Reynolds,* (24 *Wend.* 193 ;) *Sanford* v. *McLean,* (3 *Paige,* 121 ;) *Priest* v. *Cummings,* (20 *Wend.* 338.)

PER CURIAM. In the case of *Bool* v. *Mix*, cited by the defendant's counsel, the plaintiff, when in her minority she executed the deed, had a vested interest in remainder, in the land ; and having acknowledged the deed as a *feme covert*, it was held to be voidable only ; and nothing having been done to avoid it, it defeated her recovery. Here the land belonged to the plaintiff's husband, and she had no estate or interest in it, but only a capacity to be endowed in the event she should survive him. There was nothing upon which the deed could operate. It was therefore merely void, and required no act on her part to disaffirm it.

New trial denied.