## WEBB versus HALL.

A married woman may maintain a suit in her own name alone, to recover possession of land, belonging to her.

Land belonging to a married woman may be conveyed by a deed, executed jointly by herself and husband for that purpose.

A deed so executed is not entirely void as to the wife, though executed when she was under the age of twenty-one years. She may, however, avoid it, after coming of age, by bringing suit for the land.

The tenant in such a suit, claiming under such a deed, will not be accountable for any rents or profits, which accrued prior to notice that the wife intended to avoid the deed.

ON FACTS AGREED.

WRIT OF ENTRY.

The land descended to the demandant by inheritance from her father, while she was under the age of twenty-one years and unmarried. She afterwards intermarried. The marriage was subsequent to the Act of 1844, securing to married women their rights in property. In 1849, while she was still under the age of twenty-one years, she united with her husband, who is still living, in a deed, conveying the land in mortgage to the tenant and another person, with covenants of warranty, to secure the payment of a debt due from the husband. After coming of age, in 1852, she commenced this suit, to recover the land.

If the deed is void or voidable, and if, upon the foregoing statement, the demandant is entitled to recover, the tenant is, by agreement, to be defaulted.

*Hubbard*, for the demandant.

*Morrell*, for the tenant.

It is not pretended that the demandant can avoid her deed on the ground of being under coverture at the time of its execution. The legal rule which she asserts and relies upon is, that the deed is either void or voidable, because she was then under age. But there is no such rule.

Upon principle, and by immemorial usage, a *feme covert* may bind herself by deed with the concurrence of her husband ; — and there is no exception to this rule in favor of the

*feme covert*, within age. 7 Mass. 21; 4 Con. 56; 4 Mason, 58; 5 Mason, 67.

The incapacity of the minor wife is relieved by the husband's capacity. The married woman had not legal existence. She could therefore convey nothing. It is the husband's act, which vitalizes the deed.

The policy here is analogous to the method of fine and recovery, adopted in England, by which a *feme covert* may pass her title. 2 Black. Com. 353.

This conveyance should be regarded as a release to the husband of the right of control within provisions of the statute of 1844, c. 117, § 20.

SHEPLEY, C. J. — The question presented is, whether a conveyance made by an infant *feme covert* and her husband conveyed her estate, so that she cannot recover it upon her becoming of age.

By the common law, a *feme covert* could not by uniting with her husband in a deed convey her estate. Crus. Dig. T. 35, c. 10, § 4. She could convey it by uniting with him in a fine or common recovery. Idem. c. 5, § 5. Neither by the common law, nor by the statute of 18 Ed. 1, *De modo levandi fines*, were infants bound by fines. They might be revested during their infancy or by statute of 4th Hen. 7, c. 24, within five years after of age. Com. Dig. Fine, K. 3.

These modes of conveyance not being in use during the provincial government of Massachusetts, the estate of a *feme covert* was conveyed by her and her husband, uniting in a deed executed for that purpose. There has been some difference of opinion, whether the validity of such a conveyance rested upon usage merely, or upon a construction of the statute, 9 Will. 3, c. 7. *Fowler* v. *Shearer*, 7 Mass. 14; *Durant* v. *Ritchie*, 4 Mass. 45. If usage be regarded as its true foundation, there is no proof arising out of the history of the law or decided cases, that it gave to an infant *feme covert*, greater power than she would have had by the levy of a fine. If the power be considered as derived from a construction of the statute,

the power to convey was given to those "having good and lawful right or authority thereto," and an infant *feme covert* could not have been so regarded. If the usage could be considered to authorize a *feme covert* to convey without regard to her age or capacity, not only infant but idiotic and insane *femes covert* could make valid conveyances.

The principle, upon which such conveyances were regarded as valid, would seem to be this: — the female being of a capacity to convey her estate when sole, may convey it while under coverture, by the assent of her husband, manifested by his uniting with her in the conveyance. If she were incapable at the time by reason of infancy, idiocy or insanity, such assent of her husband could not impart any legal capacity.

It is provided by the R. S. c. 91, $ 5, that the joint deed of a husband and wife shall be effectual to convey her estate. This was not designed to authorize the husband of an insane idiotic or infant wife, who could not as a *feme sole* convey, to do so by uniting with her. For provision was made by another statute, c. 112, $ 1, art. 8, empowering this Court to authorize a husband, whose wife was insane, to convey her estate.

A similar question has arisen and has been decided in the State of New York. In the case of *Sanford* v. *McLean*, 3 Paige, 117, the Chancellor says, " the statute which makes valid the deed of a *feme covert*, when executed with her husband and acknowledged by her on a private examination, was never intended to sanction or validate a conveyance by an infant wife." The courts of common law came to a like conclusion. *Priest* v. *Cummings*, 16 Wend. 617, and 20 Wend. 338; *Bool* v. *Mix*, 17 Wend. 119; *Sherman* v. *Garfield*, 1 Denio, 329.

So far as it respects the demandant's right to recover, it is immaterial whether the conveyance be void or voidable. For the parties have agreed, that judgment shall be rendered in her favor, if the conveyance be void or voidable. With respect to the damages, a decision of this question may be important. Although there may be some difference in the decided cases, the weight of authority is in favor of regarding such

a conveyance as voidable only. *Dearborn* v. *Eastman*, 4 N. H. 441; *Boston Bank* v. *Chamberlain*, 15 Mass. 220; *Bool* v. *Mix*; *Sherman* v. *Garfield*; *Boody* v. *McKenney*, 23 Maine, 517.

Can the action be maintained by virtue of our statutes by the *feme covert* in her own name alone ?

Although the time is not stated, it would seem to result from the facts agreed, that the demandant must have been married after the Act of March 22, 1844, was in force; which provided, that notwithstanding her coverture she should hold and possess her estate, as her separate property. By the Act of August 10, 1848, a married woman seized or possessed of property, real or personal, is authorized to commence, prosecute or defend any suit, to enforce or protect her rights, to final judgment and execution in her own name, in the same manner as if she were unmarried. She may, therefore, maintain this suit.

It is provided by R. S. c. 145, § 14, that a demandant may recover in the same action damages from the time, when his title accrued. A demandant's title as against a tenant must be considered as first accruing, when he first becomes entitled to immediate possession, from which time the tenant must be regarded as a trespasser. The conveyance of the demandant with her husband being voidable only, the tenant cannot be considered as a wrongdoer before he had notice that she had elected to avoid it. There is no proof of it before the commencement of the suit, and she will be entitled to recover damages since that time only.                    *Tenant defaulted.*

WELLS, HOWARD, RICE and HATHAWAY, J. J., concurred.