## NEW–YORK COMMON PLEAS.

K. FRANCIS & BECKER agt. WM. C. ROSS and GERTRUDE S. ROSS, his wife.

Where the complaint alleged (which was admitted by the demurrer) that the defendant, Gertrude, the wife of the defendant William, made her promissory note to the order of the plaintiffs, for $226.67, and delivered it to them for value received ; that the consideration was the delivery to her of a note of the defendant William, which was given by him in liquidation of the claim of the plaintiffs, for clothes furnished her son Robert W. James ; that at the time of her giving the note, she was the wife of the defendant William, and was, and still is, possessed in her own right of certain specified real estate in this city and state ; that she gave the note for the express purpose of charging, and with the intent to charge her separate estate, and of creating a lien thereon, for the payment thereof, and judgment demanded, so charging her estate with the amount of the note.

*Held*, sufficient to entitle the plaintiffs to judgment, on demurrer. (*The distinction between this case and Yale agt. Dederer, ante, page* 165, *S. C.* 18 *N. Y. R.* 265, *noticed.*)

*New-York Special Term, August*, 1859.
DEMURRER to complaint.

HILTON, Judge. The complaint alleges that the defendant, Gertrude, the wife of the defendant William, made her promissory note to the order of the plaintiff for $226.67, and delivered it to them for value received ; that the consideration was

VOL. XVII. 36

the delivery to her of a note of the defendant William, which was given by him in liquidation of the claim of the plaintiffs for clothes furnished her son, Robert W. James. That at the time of her giving the note she was the wife of the defendant William, and was and still is possessed in her own right of certain specified real estate in this city and state, and it is further alleged that she gave the note for the express purpose of charging and with the intent to charge her separate estate, and of creating a lien thereon for the payment thereof.

Judgment is demanded, so charging her estate with the amount of the note which is now held by the plaintiffs.

To this complaint the defendants have separately demurred. The substance of both demurrers may be stated thus :

1st. That the defendant William is an improper party to the action.

2d. That the complaint shows no cause of action against either defendant.

No objection was taken on the argument to the right of the defendants then to demur separately, nor does it appear why they were permitted to do so.

Under ordinary circumstances it would not be allowed, as it is a general rule, only to be departed from in special cases and upon good cause shown, that in an action against husband and wife the husband must procure the joint answer of himself and wife to be put in. But, as their separate answers cannot be disregarded, and can only be stricken out upon motion to the court for the purpose, the plaintiffs here, I suppose, must be considered as waiving the irregularity by noticing the demurrer for argument, and they are, therefore, to be viewed in the same aspect as if an order allowing the defendants to answer or demur separately had been regularly obtained. (*Bilton* agt. *Bennett*, 4 *Simons*, 17; *Leavitt* agt. *Cruger*, 1 *Paige*, 421; 1 *Barbour Ch. p.* 88, 150, 108; *Eckerson* agt. *Vollmer*, 11 *How. Pr. R.* 42.)

The husband and wife are one person in law, and the very being or legal existence of the woman is suspended during the marriage, or at least is consolidated in that of the husband.

It was thus in the time of Blackstone (1 *Com.* 442), and the law has so continued ever since. In *Head* agt. *Briscoe* (5 *Car. & Payne*, 484), it was declared that, by the law of England, "you cannot bring an action against the wife without joining the husband;" and as the plaintiff would be without remedy unless he could be joined, it is difficult to perceive upon what ground he is to be deemed an improper party.

The Code certainly has not changed this long prevailing rule, as section 114 declares that, when a married woman is a party, her husband *must* be joined with her, *except* that when the action concerns her separate property she may *sue* alone, and when the action is between herself and husband, she may *sue* or *be sued* alone.

It is clear, therefore, beyond any question, that the husband is a proper party defendant.

Whether the complaint shows a good cause of action or not, although not equally so clear prior to the decision of the court of appeals in *Yale* agt. *Dederer* (18 *N. Y. Rep.* 265), yet, by the rules declared in that case, I think it must be determined that the facts here alleged are sufficient, when proved, or admitted upon a demurrer (which concedes all the averments in the pleading demurred to to be actually true), to entitle the plaintiffs to judgment.

*Yale* agt. *Dederer* was an action to charge the separate estate of Mrs. Dederer, who was a married woman, with the payment of a promissory note which she had signed with her husband, who was also a party defendant. ( There was no evidence that she intended to charge her separate estate with its payment, or that she derived any benefit from it.) Nor was any proof given that she incurred the debt or obligation upon the credit of her separate estate, or covenanted to have its payment charged upon it, except so far as such a presumption might be derived from the fact that her signature was found to the note. Indeed, as was said by Judge HARRIS, in delivering the opinion of the court, at page 285, the contrary was proven.

And it was then decided, in accordance with many previous

cases which have arisen in this state since the passage of the acts of 1848 and 1849, generally denominated "The Married Women's Laws," that the legal incapacity of married women to make contracts had been in no way affected by those laws. That no personal remedy can now, any more than formerly, be had against her in respect to any obligations she may incur, either in equity or at law; but the rule in equity still exists which recognizes a married woman's debt, and charges it upon her separate estate, not upon the ground that the contracting of it is of itself an appointment or charge, but because, when *it is contracted on the credit of the separate estate*, or *for its benefit*, or *for the benefit of the woman*, it is *just* that the estate should answer it.

The circumstances under which Mrs. Dederer was induced to give the note not appearing in that case (*see page* 285), it was held that the mere signing of the note was not sufficient evidence, nor, indeed, any evidence of *an intention* on her part to charge her separate estate with its payment, and the judgment of the supreme court to the contrary was, therefore, reversed.

In the present case, there is no such omission or insufficiency of proof. The complaint, as we have seen, distinctly alleges, and the defendants, by demurring, admit the truth of the averment, that the note was given by the defendant, Gertrude, for the express purpose of charging, and with the intent to charge her separate estate with its payment, and which, taken in connection with the circumstances under and the object for which the note was given, must, in my opinion, be deemed equivalent to proving that the debt was contracted upon the credit of her separate estate, and with the express intent of charging that estate with its payment.

Nor can it, I think, be said that she or her estate received no benefit for the obligation thus incurred. At the time, there was delivered up to her the note of her husband for a like amount given, in cancellation of a debt of her son by a former marriage.

This was certainly some benefit received by her, and coupled

with the intention alleged and admitted even, is sufficient to entitle the plaintiffs to judgment.

Judgment for plaintiffs on the demurrer of both defendants, with costs.