Foote *v.* Lathrop.

The judgment should be affirmed.

[ERIE GENERAL TERM, February 8, 1869. *Marvin, Daniels* and *Lamont,* Justices.]

THOMAS M. FOOTE, executor, &c. *vs.* SOLON H. LATHROP and others.

Where a subpœna is issued against husband and wife, service on the husband alone is a good service on both; unless relief is sought against the separate estate of the wife; in which case service should be made upon her.

Where an action is brought against husband and wife to foreclose a mortgage executed by them jointly, and an attorney appears in the action, for both, on the retainer of the husband, and judgment of foreclosure is entered, the wife cannot, after her husband's death, avoid the judgment on the ground that she was not served with process in the action, and did not appear therein.

APPEAL from an order made at a special term denying a motion to set aside the judgment in this case, as to the defendant Elizabeth S. Lathrop, on the ground that she was not served with any process in the action, and that she did not appear therein.

The petitioner, Mrs. Lathrop, was married to Solon H. Lathrop in July, 1847. In July, 1854, the petitioner and her husband executed a mortgage upon lands belonging to her husband, situate in Buffalo, to Thomas M. Foote as executor, &c. Default in payment was made, and this

action was instituted, April 14, 1857, to foreclose the mortgage. The petitioner was named a defendant. Judgment was rendered May 12, 1857, and the mortgaged premises were sold June 15, 1857, by the sheriff, to one Henry L. Lansing, for $8000, the fair cash value. In March, 1862, Grosvenor W. Heacock acquired all the right in the premises which Lansing had acquired, and took, and still has, possession of the premises. The petitioner was not served with any process in the action, nor did she authorize any appearance. Thomas C. Welch, an attorney and counselor of the court, appeared in the action for Mr. Lathrop and the petitioner, upon the retainer of Mr. Lathrop. The petitioner, at the time, was insane, and was confined in an insane asylum, until 1863. No committee was appointed. The petitioner's husband died October 7, 1857, and Welch died in June, 1864.

Heacock, before he purchased the premises, at a public sale made by a referee appointed for that purpose, caused an examination of the title to be made, and it was pronounced good. He paid the fair cash value of the property, and had no knowledge or notice of the condition of the petitioner; nor had he any notice of any claim by her, until a few months prior to this motion.

*Burrows,* for the petitioner.

*Lewis & Gurney,* for Heacock.

*By the Court,* MARVIN, J. The only interest which the petitioner had in the land mortgaged by her husband was an inchoate right of dower. She joined in the mortgage. Her husband is now dead, and she seeks to avoid the judgment on the ground that she was not served with process in the action to foreclose the mortgage, and that she did not authorize an appearance in the action. If the judgment, as to her, is void, the motion must be granted.

Foote *v.* Lathrop.

In *Ferguson* v. *Smith*, (2 *John. Ch.* 139,) Chancellor Kent said: "The general rule is that the service of a subpœna against husband and wife, on the husband alone, is a good service on both; and the reason is, the husband and wife are one person in law, and the husband is bound to answer for both." If the relief is sought out of the separate estate of the wife, service should be made upon her.

In *Leavitt* v. *Cruger and wife*, (1 *Paige*, 421,) the bill was to foreclose a mortgage executed by the defendants. The husband, only, was served with process. He appeared and answered for himself only. The chancellor decided that the husband was bound to appear and answer jointly for himself and wife, unless he showed a sufficient excuse; that service of subpœna on the wife is only necessary when the proceeding is against her, in respect to her separate estate; in which case the husband was only a nominal party. The separate answer of the husband was ordered off the files of the court as irregular, and it was ordered that the husband enter a joint appearance for himself and wife, or that the bill be taken as confessed.

The same doctrine is reiterated in *Eckerson* v. *Vollmer*, (11 *How. Pr.* 42.) The interest the wife had in the premises was an inchoate right of dower, and the court said "such interest results from the marital relations, and does not belong to the wife as her separate estate."

The well settled practice seems to have been pursued in this case, and the order of the special term appealed from should be affirmed.

[ERIE GENERAL TERM, February 8, 1869. *Marvin, Daniels* and *Lamont*, Justices.]