## WATSON v. CHURCH.

*Foreclosure — sale at — when purchaser not relieved.*

Upon the foreclosure of a purchase-money mortgage executed by S., a summons was served on S. for his wife, but not on her personally. At the foreclosure sale S. became the purchaser. *Held*, that S. would not be relieved from completing the purchase on the ground that no personal service had been made on his wife.

APPEAL by Simeon E. Church from an order at special term requiring the appellant to comply with certain terms of sale subscribed by him as purchaser at a sale under foreclosure of a mortgage.

The action was brought by James Watson against Simeon E. Church and others. The facts fully appear in the opinion.

*Charles Whelp*, for appellant.

*Hudson & Strauss*, for respondents.

DAVIS, P. J. There are no merits in the appellant's case. He purchased the premises with full knowledge that his wife had not been personally served, but that service of the summons had been made on himself for her. He is an attorney and appeared in the action for himself and not for his wife, but it is admitted that Mrs. Church had no interest in the premises except an inchoate right of dower. She was a necessary party to foreclose her contingent interest (*Mills* v. *Van Voorhes*, 20 N. Y. 412); but the former practice in such cases was to serve the husband for the wife, and it was his duty to protect her interest. *Ferguson* v. *Smith*, 2 Johns. Ch. 139; *Leavett* v. *Cruger*, 1 Paige, 421 ; *Eckerson* v. *Vollmer*, 11 How. 42; *Foot* v. *Lathrop*, 53 Barb. 185.

An inchoate right of dower does not belong to the wife as her separate estate. It is a mere incident to her husband's title, and therefore service upon him for her is probably good service under the present system of practice. *Eckerson* v. *Vollmer*, *supra* ; *Foot* v. *Lathrop*, *supra*. However this may be, the defendant knew when he made the purchase that the service had been made in that manner only, and he must be deemed to have purchased with full

knowledge of the defect, of which he now complains. Besides, the only effect of the omission to make personal service would be at most that the inchoate right of dower of Mrs. Church would not be cut off by the sale, but as the purchase and taking title by defendant would *ipso facto* restore the same inchoate right in the wife, it is of no practical importance whether the foreclosure had or had not extinguished it.

The objection to the title of the court was not of the slightest moment. The words, " Of the city and county of New York," would have been at any stage stricken out on suggestion of either party; besides it appears that they had been stricken out on stipulation of defendant.

It is suggested that the order of the court below is too stringent in form in directing an absolute completion of the purchase. The court below would have made the correction on application, and there was no occasion to appeal for that purpose. The modification may now be made, simply denying the motion with $10 costs. The order as so modified should be affirmed with $10 costs of this appeal, besides disbursements.

LAWRENCE, J. This action is for the foreclosure of a purchase-money mortgage executed by the appellant, Simeon E. Church. The summons was duly served upon the appellant, Simeon E. Church, but was never served upon the defendant, Sophia B. Church, personally. A summons directed to her was, however, served upon the appellant for his wife, and the same was left with him on the 3d of December, 1873. On the 8th day of January, 1874, the appellant appeared for himself in the action, stating in his notice of appearance that it was not thereby intended to admit that this action is brought in any court known to the Constitution or Laws of this State, or to waive objections thereafter on that account.

The original summons and complaint were entitled " Supreme Court of the City and County of New York," and on the 20th of December, 1873, an amended complaint was filed, entitled, " New York Supreme Court in and for the City and County of New York."

On the 13th of January, 1874, the appellant signed the following stipulation: "I consent to receive a new amended summons and complaint in this action without objection that the complaint has been once amended, and I consent that the plaintiff's attorney may at any time upon this stipulation and without further notice enter

an order striking out from all papers on file in this action the words ' Of the city and county of New York,' in the title of the court, and inserting the words ' Of the State of New York.' " On the same day an order was entered in conformity with the provisions of the stipulation.

Judgment of foreclosure and sale having been rendered in the action, the premises were sold at public auction by a referee on the 28th of May, 1874, and the appellant at said sale became the purchaser of the same, and thereupon signed the terms of sale set forth in the case.

He subsequently objected to taking title under the foreclosure on the grounds: 1st. That the defendant, Sophia B. Church, was made a party and was a necessary party to the action, but was not served with process and had not appeared, and was in no way bound by any of the proceedings on the decree; 2d. That the action was commenced originally in the supreme court of the city and county of New York, and that there was no such court known to the constitution or laws of this State; 3rd. That there was no proper affidavit of regularity attached to the judgment roll, no affidavit showing service on all of the defendants, or the appearance or want of appearance of all; 4th. That no notice of sale was served.

By referring to the admissions contained in the case, it will be seen that the last two objections are dependent entirely upon the question whether Sophia B. Church was ever properly brought before the court, and that they are, therefore, but amplifications of the first objection. As to the second objection, it is sufficient to say that the alleged defect was cured by the stipulation of the appellant and the order amending the summons and complaint pursuant thereto.

The only question left in the case, therefore, is whether, as the summons was not served upon the wife personally, the appellant can on that account object to completing his purchase. We do not think he can. The only interest which the wife had in the mortgaged premises was an inchoate right of dower. In *Leavitt* v. *Cruger*, 1 Paige 421, where the bill was filed to foreclose a mortgage executed by husband and wife, the husband only was served with process, and the chancellor held that the husband was bound to appear and answer jointly for himself and wife, unless he showed a sufficient excuse, and that service of a subpœna on the wife was only

necessary when the proceeding was against her in respect to her separate estate.

This rule has not been changed by the Code. *Foote* v. *Lathrop,* 53 Barb. 185 ; *Eckerson* v. *Vollmer,* 11 How. 42. The inchoate right of dower of the wife was an interest resulting from the marital relation and did not form a part of her separate estate. Cases *supra.* Furthermore, as the appellant was the purchaser on the sale and his wife would again become vested with an inchoate right of dower in the premises upon the execution and delivery of the referee's deed to him, I do not see how the defendant can take this objection. No injustice is done to the wife and certainly no wrong to the defendant, who knowing all the facts upon which he now bases his objections voluntarily became a purchaser. If these views are sound, the fact that the wife was not a resident of this State when the action was commenced does not affect the case.

We are therefore of opinion that the order appealed from should be modified so as to deny the appellant's motion with costs, and as modified, the order is affirmed with costs and disbursements.

*Ordered accordingly.*