CATHERINE McINTYRE, Appellant, v. PATRICK COSTELLO and Others, Respondents.

*Dower — actual possession by the husband need not be proved — what facts will justify a finding that the husband had seizin of the property.*

This action was brought by the plaintiff, who was married to Charles McIntyre on April 10, 1871, to recover dower in lands deeded to McIntyre on June 1, 1871, by one Ploeger, pursuant to an agreement for the purchase of the said lands entered into on February 11, 1871. On the said first day of June, McIntyre executed a mortgage to Ploeger on one of the lots, and executed and delivered a deed of the other two lots to the defendant Margaret Costello, his sister. The plaintiff, who joined in the deed, but claimed that she was at that time under the age of twenty-one years, brought this action to recover her dower in the lots so conveyed.

*Held,* that the court erred in dismissing the complaint upon the ground that the plaintiff had not proved that her husband had gone into the actual possession of the property, as the law exacted no such proof to entitle her to maintain the action.

That where no adverse possession is shown, a title vested in him will constitute such seizin as is required.

That the husband's possession was not qualified in this case by the fact that the defendant Margaret Costello was placed in the actual possession of the property of McIntyre previous to the execution and delivery of the deed by Ploeger to him, as she was permitted to enter into the possession at the request and under the direction of McIntyre.

That the possession of Ploeger, together with his asserted title and the acts of contracting for the sale of the property, and afterwards executing and delivering a deed to McIntyre, were sufficient to authorize a jury to decide that McIntyre, under the conveyance to him, had become the owner of this property.

Appeal from a judgment dismissing the plaintiff's complaint at the circuit.

*L. Laughlin Kellogg,* for the appellant.

*Alexander Thain,* for the respondents.

DANIELS, J.:

The plaintiff in the action was married to Charles McIntyre on the 10th of April, 1871; he died on the 8th of March, 1880. On the 11th of February, 1871, he entered into an agreement with Theodore Ploeger for the purchase of three lots of land on the northerly side of Forty-sixth street, westerly of Tenth avenue, in the city of New York, for the sum of $14,000. On the 1st of June, 1871, Ploeger, by warranty deed, conveyed the land to McIntyre, and he on the same day executed a mortgage back to Ploeger on one of the lots to secure the sum of $3,000, and McIntyre on the same day executed and delivered a like deed of the other two lots to Margaret Costello, his sister, and one of the defendants in this action. The plaintiff joined with him in the deed, but at that time the evidence given by her was that she was under the age of twenty-one years. And if that was the fact her right to dower in the property was not released or discharged by the execution of the deed by her, (*Priest* v. *Cummings*, 20 Wend., 338; *Sherman* v. *Garfield*, 1 Denio, 329; *Cunningham* v. *Knight*, 1 Barb., 399.) But the action was not dismissed at the circuit for any imperfection or insufficiency in the proof concerning this fact. But the dismissal of the complaint proceeded upon the ground that it was first necessary, before the plaintiff could maintain the action, to prove that her husband, Charles McIntyre, had gone into the actual possession of the property out of which dower was claimed by her. The law, however, exacted no such proof to entitle her to maintain the action, for it has been provided by statute that a widow shall be endowed of the third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage. (2 Revised Statute [6th ed.], 1121 section 1.) This has not required the actual taking of possession by him to entitle her to dower. What has been rendered necessary, and all that the statute has declared to be necessary, is that the husband shall be seized of an estate of inheritance in the land. And where there is no adverse possession made to appear in the case, a title vested in him will constitute such seizin as the statute has required for this purpose. If McIntyre had died before the execution and delivery of the deed to the defendant Costello, there can be no doubt but that the property would have descended to his heirs. And a title

that will descend in that manner is all that the statute has required to entitle the widow to dower. That title draws after it the right of possession, and where it exists, the owner of the title is in the constructive possession of the property. And that possession was not qualified in this case by the fact that the defendant Costello was placed in the actual possession of the property by McIntyre previous to the execution and delivery of the deed by Ploeger to him, for she was permitted to enter into the possession at the request and under the direction of McIntyre, the grantee in the deed. And she appears to have so entered, and accordingly held her possession in subordination to the rights of McIntyre under the contract, and afterwards to the title vested in him by the deed. Her possession up to the time of the execution and delivery of the deed to her by McIntyre was in fact his possession, and that would satisfy even as broad a construction of the term seizin as the defendants contended for at the trial.

It was also insisted that there was no proof that McIntyre had become vested with the title to the property through the deed executed by Ploeger to him. But it did appear from the evidence of Ploeger that he himself was in the posession of so much of the property as was surrendered to the defendant Costello, and that he made such surrender under the authority of McIntyre who was then the vendee in the contract for the purchase of the land. And that possession of Ploeger together with his asserted title, and the acts of contracting for the sale of the property and afterwards executing and delivering a deed to McIntyre were sufficient certainly to authorize a jury, if the case had been submitted to them, to decide that McIntyre under the conveyance to him had become the owner of this property. The law does not require even so great a measure of proof to support the conclusion that the grantee in a deed of this description has become vested with the title to the property described in it, but it may be inferred from the contract of sale, the formal conveyance of the land and the payment in whole or in part of the purchase-price. (*Ward* v. *Fuller* 15 Pick, 185 ; *Bolster* v. *Cushman*, 34 Maine, 428.) And as the defendant Costello has since then been in the undisturbed possession of the property under the deed to her this inference has been greatly strengthened by that circumstance. (*Hitchcock* v. *Harrington*, 6 John 290 ; *Collins* v.

*Torry*, 7 id., 278.)   And the case of *Sparrow* v. *Kingman* (1 Comst., 242) in no way conflicts in its decision with these authorities, but it simply permits the grantee of the title to establish as a matter of fact when that can be done, that the husband was not seized of such an estate as would entitle his widow to dower in the property.   The presumption of seizin was upon these facts decidedly against the defendants, and it was not removed by the execution and delivery by McIntyre on the same day that he received his deed of a like deed to the defendant Costello.   He still, up to the time of the execution and delivery of the deed to her, was vested with an estate of inheritance in the property.   It was conveyed to him in fulfilment of his agreement as a purchaser from Ploeger for an actual consideration in part paid and in part secured by him.   And if it is to be so qualified as to deprive the plaintiff of the right to dower in the property by the fact that there was to be no more than an instantaneous seizin, proof of that circumstance should be made by the defendants.   (*Stow* v. *Tifft*, 15 Johns., 458.)

They gave no evidence from which that fact might be inferred, but as the case was made to appear it was upon the facts one for the jury, and the judgment should be reversed, and a new trial ordered, with costs to the plaintiff to abide the event.   And the same disposition should be made of the other action brought by the same plaintiff against Margaret Costello and others for the recovery of dower in another lot conveyed by McIntyre to the defendant Costello, and in which her right depends upon the same evidence.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.