ELSIE R. FEITNER, Plaintiff, *against* FRANCIS X. HOEGER *et al.*, Defendants.

(Decided April 2d, 1888.)

In an action for dower, defendant claimed title through several mesne conveyances from a purchaser at a foreclosure sale made in 1838, under a decree of foreclosure of a mortgage executed in 1836 by plaintiff's husband, in which plaintiff joined. It appeared that, both at the time of the execution of the mortgage and the decree of foreclosure, plaintiff was an infant; that she was made a party to the bill as the wife of the mortgagor, who, together with him, had executed the mortgage, which bill prayed a foreclosure of all the rights and claims of defendants in and to the premises; that process was not served upon her, but upon her husband for her, and that no guardian *ad litem* was appointed. *Held*, that the mortgage was absolutely void as toward plaintiff, but that the decree in the foreclosure suit was binding upon her, as she should have set up the defense of infancy in such suit, the service of process on her husband for her being sufficient; and that the failure to appoint a guardian *ad litem* rendered the decree voidable only, and it would not be set aside after the lapse of so many years.

EXCEPTIONS taken at a trial term of this court ordered to be heard in the first instance at the General Term.

The action was brought by Mrs. Feitner as widow of George Feitner, who died in May, 1882, for dower in the premises on the north side of 48th Street, 375 feet west of 9th Avenue. The title of defendant Hoeger is derived through several mesne conveyances from Lewis Lewis, to whom the premises were conveyed by Samuel Cowdrey, master in chancery, by deed dated December 8th, 1838, recorded December 14th, 1838, by virtue of a sale under a decree of foreclosure in chancery, etc., made in a suit to foreclose a mortgage made by said George Feitner and Elsie his wife, this plaintiff, to Andrew Purdy, dated May 3d, 1836, acknowledged May 7th, 1836, and recorded the same day.

Mrs. Feitner was an infant when she executed and acknowledged the mortgage, and when the decree of foreclosure was made. She was not personally served with the subpoena in the suit, but her husband was served with it for her. No appearance was entered for them, and no guardian *ad litem* was appointed for her. At the trial of this action a verdict for defendant was directed by the court, and plaintiff's exceptions were ordered to be heard in the first instance at the General Term.

*H. Brewster*, for plaintiff.

*T. J. Rush*, for defendants.

J. F. DALY, J. — [After stating the facts as above.] — A mortgage, like a deed, by an infant, is said to be voidable, but not absolutely void (Thomas on Mortgages 134, and cases cited); but an exception has been made with regard to conveyances by a wife joining with her husband in order to release her dower, and such a deed by an infant *feme covert* is said to be absolutely void (*Sherman* v. *Garfield*, 1 Denio 329; *Sanford* v. *McLean*, 3 Paige 121). But whether the mortgage was, as to her, voidable only or absolutely void, she had a defense on either ground to the foreclosure, and could have pleaded it (*Lewis* v. *Smith*,

9 N. Y. 502). There is no decision to the contrary; the case of *Walsh* v. *Powers* (43 N. Y. 27), cited by plaintiff's counsel, not being in point.

As Mrs. Feitner might have pleaded infancy in the foreclosure, the decree in the suit is binding upon her, notwithstanding the fact that she was an infant at the time it was entered, and the failure to have a guardian *ad litem* appointed for her. The Court of Chancery had jurisdiction of the subject-matter and of the parties. Its decree was therefore not void, but voidable only, and might have been opened and set aside upon motion of this plaintiff seasonably made. It was not necessary to serve her with the subpœna. Service upon her husband for her was sufficient in an action of the character of that under consideration. In an action for the foreclosure of a mortgage, where the wife has no interest in the property except an inchoate right of dower, service against the husband and wife on the husband alone is a good service on both (*Ferguson* v. *Smith*, 1 Paige 421). On a bill to foreclose a mortgage executed by husband and wife the subpœna may be served upon the husband only. Service upon the wife is only necessary where the proceeding is against her in respect of her separate estate and her husband is only a nominal party; not where the estate is in the husband in right of the wife (*Leavitt* v. *Conger*, 1 Paige 421, citing 9 Vesey 486 and 2 Johns. Ch. 139; see, also, to the same effect, *Eckerson* v. *Vollmer*, 11 How. Pr. 42, citing 3 Chitty Gen. Pr. 263).

It was irregular not to have a guardian *ad litem* appointed, but that omission does not make the decree void. Where the infant defendant in an action for the foreclosure of a mortgage is served with process, but no guardian *ad litem* is appointed, and judgment is taken by default, the judgment is not void, but voidable. Upon the application of the infant made within a reasonable time, such a judgment would be opened; but where there is laches in making such application, the right to impeach the title of a *bona fide* purchaser at a sale under such judgment is lost (*McMurray* v. *McMurray*, 66 N. Y. 175).

I can see no distinction in principle in such a case between the infant wife of a mortgagor and any other infant who is a necessary party to the foreclosure. There was undoubtedly laches in this case, and the title of defendant derived through the sale under the decree should not be disturbed. The statute cited by plaintiff (2 Rev. Stat. 6th ed. 1122 § 16), providing that no judgment or decree confessed by or procured against the husband, and no laches or default of his, shall prejudice the wife's right to dower, has no application to the case of a judgment recovered against the wife. The exceptions to admission and exclusion of evidence are immaterial in view of the authorities which dispose of this case.

The plaintiff's exceptions should be overruled and judgment ordered for the defendant upon the verdict.

VAN HOESEN, J. — There is but one important question in this case, and that is, Are the allegations in the bill of complaint in the old foreclosure suit sufficient to apprise the then defendant (now the plaintiff), Elsie Feitner, that the mortgagee was seeking in the foreclosure suit to cut off her inchoate right of dower because she had joined her husband in executing the mortgage? If the bill of complaint did contain such allegations, then the decree in the foreclosure suit is a bar to the claim of dower now made by Mrs. Feitner. In *Lewis* v. *Smith* (9 N. Y. 502) and in *Rathbone* v. *Hooney* (58 N. Y. 463) it was held that a decree of foreclosure did not cut off rights not referred to in the complaint, though the persons entitled to those rights were parties to the action. On this ground only did the plaintiffs in those cases prevail; and the deduction is irresistible, that if they had been called upon to defend in the foreclosure suit the rights that they subsequently asserted in the cases that have been cited, it would have been decided that the decree in foreclosure was a perfect bar to the rights claimed (see also *Malloney* v. *Horan*, 49 N. Y. 111). Mrs. Feitner is not classed in the bill of foreclosure among those " who have or claim to have some interest in the premises as sub-

sequent purchasers, encumbrancers, or otherwise." In *Lewis* v. *Smith* (*supra*) the dower interest of the wife was nowhere referred to, and the dowress herself, who had other interests in the property, was made a defendant as "one who had or claimed to have some interest subsequent to the mortgage." This did not bar her claim to dower. In *Rathbone* v. *Hooney* (*supra*) the mortgagors were, one, a trustee, and the other, a *cestui que trust*, of the property mortgaged, but the mortgage made no reference to the trust, nor did the complaint, or the judgment of foreclosure. Waiving the objection as to the nullity of the mortgage of a trust estate, the Court of Appeals held that, though the trustee was a party to the foreclosure suit in her individual character, yet because the complaint made no mention of the trust, or of the duties of the trustee, or of the rights of the *cestui que trust*, the judgment of foreclosure did not bind the trustee in her representative capacity, or preclude her successor in the office of trustee from asserting title to the land against a *bona fide* purchaser at the sale under foreclosure. If the complaint had alleged the existence of the trust, and the making of the mortgage by the trustee and the *cestui que trust*, and had demanded that both *cestui que trust* and trustee should be barred and foreclosed, would not both of them, if they had made default, have been bound by the judgment of foreclosure? I find nothing to the contrary in any of the cases that have been cited.

In the case under consideration, the bill of complaint alleges "that George Feitner, together with Elsie, his wife, did duly execute under their hands and seals a certain indenture of mortgage, conveying the tenements, hereditaments, etc., etc., and also all the estate, right, title, interest, dower, property whatsoever of them, the said George and Elsie." It further alleges that the mortgage was acknowledged in due form of law by said George and Elsie, and was recorded. It prays that all the defendants be foreclosed of and from all equity of redemption, and claim of, in, and to the mortgaged premises. These allegations were, in my judgment, sufficient to call upon the defendant Elsie to

Giles Lithographic &c. Co. *v.* Recamier Manuf. Co.

defend her inchoate right of dower. The validity of the mortgage as made by her is asserted, and because it is valid as against her, the prayer is that she be barred and foreclosed. There can be no doubt that the validity of her act in joining in the mortgage is something that could, would, and should, have been tried under the complaint in that suit, if Mrs. Feitner had chosen to plead infancy, as she might have done.

I think the judgment of foreclosure is binding upon her, and for that reason I concur with Judge DALY in ordering judgment for the defendant.

Exceptions overruled, and judgment for defendant.