ELSIE R. FEITNER, Respondent, *v.* RICHARD J. LEWIS et al., Appellants.

Plaintiff in 1836 joined with her husband in a mortgage upon his land. In 1838 they were both made parties to a suit for the foreclosure of the mortgage. No copy of the writ of subpœna was served upon her; one was served upon the husband, and one delivered to him with the request to hand it to her; she was at the time under age. A judgment of foreclosure and sale was entered, under which the premises were sold. The husband died in 1882. In an action to recover dower, *held*, that under the rule and practice in chancery proceedings in force at the time of the foreclosure, personal service of the writ upon plaintiff was not necessary, but service on the husband was a good service on both, and this was so although she was at the time under age; and that, therefore, the action was not maintainable.

*Feitner* v. *Lewis* (23 J. & S. 519), reversed.

(Argued December 20, 1889; decided January 14, 1890.)

APPEAL from order of the General Term of the Superior Court of the city of New York, entered upon an order made May 7, 1888, which overruled defendant's exceptions, denied a motion for a new trial and directed judgment in favor of plaintiff on a verdict.

This action was brought to recover dower.

The plaintiff in 1836 joined with her husband in executing a mortgage upon his land. In 1838 a suit for the foreclosure of the mortgage was instituted, in which the husband and wife were made parties defendant. A copy of the writ of subpœna was served upon him, and a copy was delivered to him with the request that he would hand it to her. Judgment of foreclosure and sale was entered by default and the property was sold thereunder. The husband died in 1882. This action was brought by plaintiff in 1887. The mortgaged premises had, through mesne conveyances since the acquisition of title under the foreclosure, become the property of the defendants.

It was proved that at the time of her marriage the plaintiff was an infant, and that her infancy continued to a date subsequent to the sale in foreclosure. The trial judge declined to dismiss the complaint, and submitted to the jury the question of the plaintiff's age, and a verdict was rendered for the plaintiff. The trial judge ordered the exceptions to be heard in the first instance at General Term. It was held there that the failure to serve the wife personally was fatal to the proceedings, and the judgment against her was void.

*Thomas J. Rush* for appellant. The order of the General Term denying the defendant's motion for a new trial is reviewable in this court. ( *Walker* v. *Spencer*, 86 N. Y. 162; *Raynor* v. *Raynor*, 94 id. 248; *Wahl* v. *Barnum*, 26 N. Y. S. R. 457.) Some sanctity should be given to judicial proceedings, some time limited beyond which they should not be questioned, some protection afforded to those who purchased at sales by judicial process, and some definite rule be established by which property thus acquired may become transmissible with security to the possessors. ( *Voorhees* v. *Jackson*, 10 Pet.

449; *Quin* v. *Wetherbee*, 41 Cal. 427.) The Court of Chancery had jurisdiction of the subject-matter, and of the parties in the action of *Purdy* v. *Feitner*, foreclosing the mortgage. (Thomas on Mort. 265; Daniels on Eq. Pr. 444; Barb. Ch. Pr. 50; *Ferguson* v. *Smith*, 2 John. Ch. 139; *Leavit* v. *Cruger*, 1 Paige, 421; *Eckerson* v. *Vollmer*, 11 How. Pr. 42; *Kent* v. *Jacobs*, 5 Beav. 48; Selon on Pr. 91; Burton on Pr. 109; Harrison's Ch. 162; *Foote* v. *Lathrop*, 53 Barb. 183.) To enable Mrs. Feitner to successfully overcome the effect of the judgment in the suit in chancery, the judgment must be treated as absolutely void. (Freeman on Judg. § 125; *Hunter* v. *Lester*, 18 How. Pr. 347; *Myers* v. *Overton*, 2 Abb. Pr. 344; *Myers* v. *Wilson*, 1 Hilt. 259; *Allen* v. *Huntington*, 16 Am. Dec. 702; *Whitaker* v. *Merrill*, 28 Barb. 526; *Brickhouse* v. *Sutton*, 6 Am. St. 497; *Scherr* v. *Le Grange*, 42 N. W. Rep. 616.) The decree in the foreclosure against Elsie R. Feitner, treating her as an adult and without the formality of appointing a guardian, may have been irregular, but was not void. (*Croghan* v. *Livingston*, 17 N. Y. 220; *Austin* v. *Charleston*, 8 Metc. 196; *Perkins* v. *Fairfield*, 11 Mass. 227; *Kemp.* v. *Cook*, 18 Md. 130; *Thompson* v. *Tomlie*, 2 Pet. 163; *Voorhees* v. *Jackson*, 10 id. 449; *Doe* v. *Bradley*, 6 S. & M. 485; *McPherson* v. *Cauetiff*, 11 S. & R. 429; *McMurray* v. *McMurray*, 66 N. Y. 175; Freeman on Judg. § 510; *Newbold* v. *Schleus*, 10 East. Rep. 698.) Prompt action to repudiate the transaction was necessary. (*Howard* v. *Dusenbury*, 44 How. Pr. 423; Story's Eq. Juris. §§ 64, 1520.) Assuming that plaintiff's rights were not cut off by the decree, her remedy was an action to redeem, which could have been brought by her during the life of her husband. (*Taggart* v. *Wade*, 17 N. Y. S. R. 646.) The Court of Chancery having jurisdiction of the subject-matter, and the parties in the foreclosure suit of *Purdy* v. *Feitner*, the decree of the court is final as to every matter therein determined. (*LeGuen* v. *Gouveneur*, 1 John. Cas. 392; *Jackson* v. *Hoffman*, 9 Cow. 271; *Lansing* v. *Goelet*, 9 id. 362; *Talbot* v. *Todd*, 5 Dana, 193; *Peck* v. *Wood-*

*bridge*, 3 Day, 30 ; *Knott* v. *Taylor*, 6 Am. St. 547 ; Freeman on Judgt. § 150 ; *Olmsted* v. *Hoyt*, 4 Day, 436 ; *Green* v. *Branton*, 1 Dev. Eq. 500 ; *Embury* v. *Connor*, 3 N. Y. 522 ; *Clemens* v. *Clemens*, 37 N. Y. 74 ; *Dunham* v. *Bower*, 77 id. 76 ; *Pray* v. *Hegeman*, 98 id. 351 ; *Bell* v. *Merrifield*, 109 id. 202 ; *Goebel* v. *Iffla*, 111 id. 170 ; *Beveredge* v. *N. Y. E. R. R. Co.*, 112 id. 19 ; *Jordan* v. *Van Epps*, 85 id. 427 ; *Moeschler* v. *Lochte*, 12 N. Y. S. R. 855 ; *Reed* v. *Reed*, 107 N. Y. 545 ; *Hall* v. *Law*, 102 U. S. 461 ; *Gaylord* v. *City of Lafayette*, 17 N. E. Rep. 899 ; *Bloomer* v. *Sturgis*, 58 N. Y. 168 ; *Clinton* v. *Seymour*, 4 Ves. 440.) A judgment or decree upon default is as conclusive as one upon the merits. (*Powers* v. *Witty*, 4 Daly, 552 ; *Newton* v. *Hook*, 48 N. Y. 676 ; *Blair* v. *Bartlett*, 75 id. 150 ; *Ogilvie* v. *Herne*, 13 Ves. 564.) The proceeding in foreclosure of a mortgage is one *in rem;* the mortgage was merged in the judgment and is no longer open to attack. (*Hartman* v. *Ogborn*, 54 Penn. St. 120 ; *Michaelis* v. *Brawley*, 109 id. 7.) The provision of the Revised Statutes protecting dower rights is not applicable. (3 R. S. [7th ed.] §§ 16, 2198 ; *Hoffman* v. *N. W. M. L. Ins. Co.*, 37 A. L. J. 141 ; *Jordan* v. *Van Epps*, 85 N. Y. 436.) The learned General Term erred in treating the foreclosure suit as one in which there had been no service upon Mrs. Feitner. (*Feitner* v. *Hoeger*, 15 N. Y. S. R. 377.)

*Isaac N. Miller* for respondent. The mortgage in evidence, was, as to this plaintiff, absolutely void. (Tyler on I. & C. chap. 2, p. 48, 555 ; *Saniderson* v. *Marr*, 1 Lev. 86–87 ; *Darby* v. *Boucher*, 1 Salk. 279 ; *Baylis* v. *Dinsley*, 3 M. & S. 447–448 ; *Luther* v. *Fish*, 4 Lans. 213 ; *Chapin* v. *Shafer*, 49 N. Y. 412 ; Comyn's Dig. 2 ; Story on Cont. [4th ed.] § 57 ; *Sherman* v. *Garfield*, 1 Den. 330 ; *Sanford* v. *McClean*, 3 Paige, 121 ; *Priest* v. *Cummings*, 16 Wend. 617.) The foreclosure proceedings constituted no defense to this action. (1 Hoffman's Ch. 106 ; *Ingersoll* v. *Mangan*, 84 N. Y. 622 ; *Grant* v. *Van Schoonhoven*, 9 Paige, 255 ; *Bosworth* v. *Vandewalker*, 53 N. Y. 597 ; *Walter* v. *DeGraf*, 19 Abb. [N. C.] 406 ; *People*

v. *Hoffman*, 7 Wend. 489; *Knickerbocker* v. *DeFreest*, 2 Paige, 306; 2 R. S. 447, §§ 10, 11; Code Civ Pro. §§ 426, 427; *Wilkinson* v. *Parish*, 3 Paige, 655; *Bloom* v. *Burdict*, 1 Hill, 139; *Kohler* v. *Kohler*, 2 Edw. Ch. 69; *Howey* v. *Large*, 51 Barb. 222; *Fairweather* v. *Satterlee*, 7 Rob. 546; *Kellog* v. *Klock*, 2 Code Rep. 28; *Lathers* v. *Fish*, 4 Lans. 213; *Mockey* v. *Gray*, 2 John. 192; *Bliss* v. *Rice*, 9 id. 159; *Boyley* v. *McAvoy*, 29 How. 278; *Park* v. *Park*, 19 Abb. 161; *Mills* v. *Dennis*, 3 Johns. Ch. 367; *Wright* v. *Miller*, 1 Sandf. Ch. 103; *Coning* v. *Smith*, 2 Seld. 82; *Lewis* v. *Smith*, 9 N. Y. 502; *Frost* v. *Koon*, 30 id. 448, 449; *E. I. S. Bank* v. *Goldman*, 75 id. 131; *Lawrence* v. *Smith*, 2 N. Y. 255.) The judgment of foreclosure was not a bar to this action. (*Ferguson* v. *Crawford*, 70 N. Y. 253, 263; *William* v. *Van Valkenberg*, 16 How. Pr. 146; *Starbuck* v. *Murray*, 5 Wend. 148, 158; *Bosworth* v. *Vandwalker*, 53 N. Y. 597; *Williams* v. *Schack*, 105 id. 332; *Sherman* v. *Garfield*, 1 Den. 330; *Maloney* v. *Horan*, 49 N. Y. 111; *Perry* v. *Dickerson*, 85 N. Y. 352; *Dempsy* v. *Tyler*, 3 Duer. 100; *Master* v. *Olcott*, 101 N. Y. 160; *W. C. Co.* v. *Hathaway*, 8 Wend. 484; *Brown* v. *McCune* 5 Sandf. 224; 2 Phil. on Ev. 9; *Rathbone* v. *Hooney*, 58 N. Y. 467.) Plaintiff is not guilty of laches, nor is she in default for not having raised the question as to her rights heretofore. (Code Civ. Pro. § 1596; *Wells* v. *Seixas*, 24 Fed. Rep. 82; 1 Hoffman's Pr. 161; 2 R. S. [6th ed.] 1122, § 16; *Alvord* v. *Beach*, 5 Abb. Pr. 452; *Lewis* v. *Everhardt*, 102 U. S. 300.)

GRAY, J.    I think the appellants should prevail. The court below fell into the error of supposing that under the rules and practice in chancery proceedings, a personal service of the writ of subpœna upon the wife was necessary, although the action did not relate to her separate property. The only interest which the plaintiff had was an inchoate right of dower in the mortgaged land. That arose simply from her status as wife and gave her no separate estate.

Chancellor KENT stated the rule, in *Ferguson* v. *Smith*

(2 Johns. Ch. 139), to be "that the service of a subpœna against husband and wife on the husband alone is a good service on both; and the reason is that the husband and wife are one person in law and the husband is bound to answer for both. But where the plaintiff is seeking relief out of the separate estate of the wife, it has been deemed necessary in a late case (9 Vesey, 488) that the wife should be served." See, also, *Leavitt* v. *Cruger* (1 Paige, 422).

This is the exception to the rule, which required personal service upon an infant defendant. The merger of the legal identity of the wife in that of the husband is not affected by the question of her age. The legal unity is not dependent upon the fact of the wife's majority. Therefore, when service was made upon the husband, in accordance with the rule then in force, the court acquired jurisdiction to proceed against both. The theory of the chancery practice was to secure jurisdiction over the person of the infant defendant and it was effected, in all cases except that of an infant wife, by a personal service of the writ. Thereupon, the infant was bound to appear and to have a guardian appointed. In case of his neglect to do so and of no application in his behalf, the court would proceed to make the appointment of itself, or when set in motion by complainant. (Hind's Ch. Pr. tit. Appearance; 1 Barb. Ch. Pr. 127.) But, in the case of an infant wife and where her separate property was not the subject of the proceeding, no guardian was necessary, for the husband was bound to appear for both through his solicitor and to put in a joint answer. If she refused to join in the answer, the husband could show the fact of her refusal and would be permitted to answer separately. Upon this subject I may refer to the cases of *Foxwist* v. *Tremaine* (2 Saund. 212); *Chambers* v. *Bull* (1 Anst. 269); *Ferguson* v. *Smith* (*supra*); and *Leavitt* v. *Cruger* (*supra*), and to the works on chancery practice. In *Foote* v. *Lathrop* (53 Barb. 183), a wife sought to avoid a judgment of foreclosure and sale taken against her in 1857, on the ground that she was then confined as insane and was not personally served with process. MARVIN, J., speaking for

the General Term, in the case, in sustaining the order denying her motion, relied solely on the cases of *Ferguson* v. *Smith, Leavitt* v. *Cruger* and *Eckerson* v. *Vollmer* (11 How. Pr. 42).

This action was destitute of merits and lacked support in legal principles and the complaint should have been dismissed.

The order of the General Term denying defendants' motion for a new trial should be reversed, the defendants' exceptions sustained and a new trial ordered, with costs to abide the event.

All concur.

Order reversed, and judgment accordingly.