(25 Civ. Proc. R. 70; 14 Misc. Rep. 114.)

HAMILTON v. GORMAN.

(Common Pleas of New York City and County, Special Term. September, 1895.)

ABATEMENT AND REVIVAL—DEATH OF PARTY.

An action against a sheriff to enforce the liability as bail arising from his failure to require the justification of the sureties on a bail bond given on the issuance of an order of arrest, does not abate by the death of defendant, but may be revived against his personal representatives.

Action by Annie Hamilton against John J. Gorman. Plaintiff moves to revive the action against defendant's personal representative.

Charles C. Sanders, for the motion.
Archibald C. Shenstone, opposed.

GIEGERICH, J.   This action was brought against the defendant upon his liability as bail, such liability arising from his failure to require the justification of sureties upon a bail bond given upon the issuance of an order of arrest in an action brought by plaintiff against one Salvador Parnella for personal injuries.   In that action the plaintiff obtained judgment, and after the return of execution unsatisfied, and due demand made upon this defendant, this suit was instituted.   Defendant having died pending the time for service of his answer, this motion is made, and I am constrained to grant it.   Unless the cause of action is one which abates by the death of the defendant, the court is bound to make an order such as is here sought.   Code Civ. Proc. § 757; Coit v. Campbell, 82 N. Y. 509.   Under the state of facts disclosed by the complaint the sheriff is liable as bail.   Code Civ. Proc. §§ 578, 587.   His position is in all ways assimilated to that of bail (Id. § 595); and his liability is to be enforced only by action (Id. § 596).   No argument is required to demonstrate that the liability of bail is contractual; and that the personal representatives stand in the place of deceased bail was recognized in Meddowscroft v. Sutton, 1 Bos. & Pull. 61.   The fact that the action in which the order of arrest was obtained was of a personal nature does not affect the liability of this defendant, which is predicated upon the judgment entered in that action, the rights and remedies under which are not affected by the abatable nature of the cause of action itself.   Wood v. Phillips, 11 Abb. Pr. (N. S.) 1; Carr v. Rischer, 119 N. Y. 117, 23 N. E. 296.

Motion granted, with $10 costs to the plaintiff to abide the event.