### WILLIAM COYNE,

*vs.*

### HOLMES JONES and LORENA RIDGELY JONES, his wife.

*New Castle, Dec.* 20, 1920.

Under Act approved April 21, 1919 (30 *Del. Laws, c.* 197, § 16), husband cannot answer for his wife in suits in equity against both, all prior rights and duties of husband respecting wifes' appearance and answer being gone.

A trustee in a declaration of trust, containing statements that *cestui que trust* paid the whole purchase price, that trustee had no interest in the premises, and would convey when and as demanded, is not estopped to deny delivery of the declaration, or that, even if delivered, the enforcement thereof would work a fraud; and, even though delivered, it may be shown that the *cestui que trust* has not delivered certain notes to the trustee, who paid for the land and executed the declaration of trust with the understanding that such notes be surrendered to him.

Estoppel should not be allowed to effect a fraud or imposition.

*William F. Kurtz*, for complainant.
*Holmes Jones*, in pro. per.

THE CHANCELLOR. The bill has been filed against a husband and wife to enforce the conveyance by them to the complainant of land held by the husband in trust for the complainant, the deed for the land having been made to the husband, and he and his wife having joined in a declaration of trust. An answer has been filed by the husband only. A motion has been made for the com-

plainant to strike out the answer because the husband has entered an appearance for himself alone, whereas he is bound to enter an appearance for his wife also, and also file an answer for her, there being no order of court or cause shown why the wife should appear separately or answer separately.

According to the practice of other days, the husband answered for both himself and his wife in suits in equity against both, and he could not answer separately without a previous order. Though there were exceptions, such was the established rule. *Feitner v. Lewis*, 119 *N. Y.* 131, 23. *N. E.* 296, 16 *Am. St. Rep.* 811. But it no longer applies in Delaware. By the late Act of the General Assembly repealing all other statutes as to the rights of married women it is enacted that a married woman may "sue and be sued and exercise all other rights and powers, * * * which a *femme sole* may do under the laws of this State." *Section* 16, *c.* 197, *vol.* 30, *Laws of Delaware, p.* 524, approved April 21, 1919. This language is much broader than any prior statute on the subject. Prior thereto the right to sue and be sued was limited to litigation concerning her separate property. Inasmuch as by the existing statute she may be sued as a *femme sole*, whatever the subject-matter of the suit may be, she must appear and answer as a *femme sole* would, and all prior rights and duties of her husband respecting her appearance and answer are necessarily gone. No other construction is possible.

The motion to strike out the answer for the reason above stated in the motion is denied.

Because of the insufficiency of the answer, the exceptions filed thereto were sustained and the defendant ordered to make further and sufficient answer.

Upon the filing of further answer exceptions to certain portions thereof were taken on behalf of the complainant, and the matter was heard by the Chancellor, the necessary facts being stated in his opinion.

THE CHANCELLOR. Stating the fourth, fifth and sixth paragraphs of the amended answer as favorably as possible for the defendant, it seems to admit the execution of the declaration of trust as to the second parcel of land mentioned in the bill of com-

plaint and the delivery thereof to the complainant, but only upon certain terms and conditions set forth in the answer. These terms are not clearly stated, but seem to be these:

Coyne paid one hundred dollars of the four hundred and twenty-five dollars, the purchase price, and no more. Coyne was then indebted to Jones for some work in filling in some land, the amount so due not being stated. Coyne then held four notes made by Jones, not then due, the amounts thereof not being stated. It was agreed that Jones pay the owner, Forbes, three hundred and twenty-five dollars, the balance of the purchase money, cancel the indebtedness of Coyne to Jones, and that Coyne should surrender to Jones the four promissory notes, and that when this was done Jones would execute and deliver the declaration of trust. Jones paid the three hundred and twenty-five dollars and cancelled the debt due him from Coyne, and after securing title to No. 2 executed the declaration of trust and delivered it to Coyne upon these terms, but that Coyne refused to return the notes. Jones, therefore, claims that he did not fully deliver the declaration of trust. All this is set forth as a reason why he should not be compelled to convey either of the two parcels of land to Coyne, in execution of the declaration of trust.

The complainant's solicitor takes the ground that the defendant cannot be allowed to deny the statements in the declaration of trust, (1) to the effect that Coyne paid the whole purchase money, (2) that Jones had no interest in the premises, and (3) would convey when and as Coyne demanded.

In effect the answer charges Coyne with fraud. The charge is that the instrument executed by Jones and his wife was delivered to Coyne upon condition that Coyne do certain things and has not done them, and, therefore, Coyne cannot in equity enforce the instrument, the statements of which are made untrue by the conduct of Coyne.

It is as though one signed and delivered a receipt for money before receiving the money, and the money is never paid. In such case the giver of the receipt is not estopped to deny the receipt of the money when the one to whom the receipt was given uses it as the basis of a legal right against the giver of it.

A party to a deed in a contest between the parties to the

deed is not estopped to deny the delivery thereof, or to contend, that, even if .delivered, the enforcement thereof would work a fraud and this may be a defense to an action. This principle was pointed out in *Doe d. Short v. Prettyman*, 1 *Houst.* 334, 339. Estoppel should not be allowed to effect a fraud or imposition. For these reasons the exceptions to the fourth, fifth and sixth paragraphs of the answer will be disallowed.

The allegations in paragraph 7 of the answer are so confused and unintelligible that they do not constitute good pleading, and the exception thereto will be sustained.